STATE OF MISSOURI at the Relation and to the Use of LILLIE HURLEY, Relator, v. WILLIAM DEE BECKER, JOSEPH KANE and EDWARD J. McCULLEN, Judges of the St. Louis Court of Appeals.—66 S. W. (2d) 524.

Division One, December 22, 1933.

538.

*W. R. Carver* and *Terry & Terry* for relator.

*George F. Johnson, James H. Linton* and *Clyde Williams* for respondents.

ATWOOD, J.—This is a proceeding to quash record of the St. Louis Court of Appeals in Lillie Hurley, respondent, v. Missouri Pacific Transportation Company, a corporation, appellant, reported in 56 S. W. (2d) 620. The record is here in response to our writ of certiorari issued on relator's representation that the decision rendered in said cause conflicts with the last previous rulings of the Supreme Court in Hulen v. Wheelock, 318 Mo. 502, 300 S. W. 479, and Stauffer v. Railroad, 243 Mo. 305, 147 S. W. 1032.

The alleged conflict relates to that part of respondents' opinion reversing plaintiff's judgment and remanding the cause on account of the following instruction given at her request:

"The court instructs the jury that if you shall believe and find from the evidence that at the time and place mentioned in the petition that the defendant was engaged in the business of a common carrier of passengers for hire, and that defendant used motorbusses as a means of transporting passengers, and that the plaintiff was a passenger in and upon one of the motorbusses of defendant; and that defendant failed to use the highest degree of care, skill and foresight for the safety of plaintiff, and that said failure, if any, on the part of defendant was the direct cause of the injury (if any) sustained by plaintiff, then your verdict should be for the plaintiff and against the defendant."

In so ruling the court said:

"It will be noted that the instruction is not based upon the theory

of *res ipsa loquitur*. In this instruction nothing is said about the presumption of defendant's negligence arising from the facts shown in evidence, if the jury believed such evidence, nor is there anything said about the duty of the defendant to bring forward evidence to rebut such presumption by showing, if it could, that the accident was unavoidable or that the exercise of the highest degree of care by defendant could not have prevented it. By this instruction the jury were not required to base their verdict upon any particular facts, or upon any theory of negligence, presumptive or specific. This instruction does not submit the case to the jury on general negligence under the doctrine of *res ipsa loquitur*, nor does it submit the case on any specific negligence of defendant. There was no guide given to the jury in this instruction by which they should be governed in deciding, under the facts in evidence, whether or not defendant had exercised the highest degree of care for plaintiff's safety.

"Under this instruction the jury were authorized to hold the defendant liable under any theory of negligence which the members of the jury might evolve out of their own minds."

It appears from respondents' opinion that in her petition plaintiff charged defendant with negligence in the following language:

"While said motorbus was upon Russell Avenue between Twelfth and Thirteenth Streets, in the City of St. Louis, Missouri, defendant negligently permitted the said motorbus of defendant to be struck and collided with, with great force, by some heavy obstacle or vehicle, the kind and character of which is unknown to this plaintiff."

It is also stated in the opinion that "defendant's answer was a general denial coupled with allegations not necessary to be noticed here, because defendant offered no testimony in the case. The reply was in the usual form." In their opinion respondents held that under the petition and proof "plaintiff was entitled to have her case submitted to the jury under the doctrine of *res ipsa loquitur*," but that instead of making such a request plaintiff asked and the court gave the above-quoted instruction on the whole case which ignored pleaded and proved facts and circumstances necessary to make a case under this doctrine, and that when so instructed "the jury were authorized to hold the defendant liable under any theory of negligence which the members of the jury might evolve out of their own minds."

Having alleged and proved that defendant negligently permitted its motorbus "to be struck and collided with, with great force, by some heavy obstacle or vehicle," even though the kind and character of such obstacle or vehicle and defendant's specific acts of negligence which caused the collision were unknown to plaintiff should not the jury have been required to find also the facts necessary to make out her case pleaded under the doctrine of *res ipsa loquitur* instead of being left to convict defendant of negligence because of just any

failure "to use the highest degree of care, skill and foresight for the safety of plaintiff," whether the occurrence resulting in plaintiff's injury was that pleaded and proved or not? We think so for the reasons following.

It appears from respondents' opinion that the only case made for the jury was under the doctrine of *res ipsa loquitur*. This doctrine does not apply unless the occurrence resulting in the injury was such as does not ordinarily happen if those in charge use due care. [McCloskey v. Koplar, 329 Mo. 527, 533, 46 S. W. (2d) 557; Meade v. Mo. Water & Steam Supply Co., 318 Mo. 350, 357, 300 S. W. 515; Myers v. City of Independence (Mo.), 189 S. W. 816, 822.] The occurrence pleaded as having resulted in the injury complained of in this case was the collision under the circumstances alleged. Without substantial proof of these facts the evidence would have been insufficient to take the case to the jury, and yet plaintiff's case was submitted upon an instruction calling for a verdict which did not require the jury to find such essential facts. The instruction read as if plaintiff had made proof of defendant's negligence, whereas she had not done so but was resting solely upon a presumption of negligence arising from facts pleaded and proved but which the jury were not required to find before returning a verdict for her. Consequently, the instruction ranged beyond the pleadings and proof, a vice generally condemned regardless of the kind of negligence charged and proved, and it matters not that Allen v. St. Louis Transit Company, 183 Mo. 411, 432, 81 S. W. 1142, cited in support of respondents' ruling here challenged, was not a case that could have been submitted under the *res ipsa loquitur* rule.

Respondents' rulings above noted are not in conflict with our rulings in Hulen v. Wheelock, 318 Mo. 502, 514, 300 S. W. 479; Stauffer v. Railroad, 243 Mo. 305, 324, 327, 147 S. W. 1032, and other decisions cited in relator's brief. The instruction in the Hulen case (l. c. 511) expressly limited the jury to "the collision referred to in the evidence." Likewise, in the Stauffer case and in the other *res ipsa loquitur* cases cited in relator's brief the jury were required to find the particular occurrence alleged and proved as resulting in plaintiff's injury and were not in any respect left to range beyond the facts pleaded and proved in their determination of the question of negligence.

No conflict appearing our writ is quashed. All concur.