FRED HARKE v. CHRIST E. HAASE, Appellant.—75 S. W. (2d) 1001.

Division One, October 22, 1934.

*Wayne Ely* and *Tom Ely, Jr.,* for appellant.

1106

*Gallant, Hannigan & Summer* for respondent.

HYDE, C.—This case, coming to the writer recently, is an action for damages for personal injuries. Plaintiff's petition alleged that while plaintiff was standing on the sidewalk near the intersection

of two public streets, "the defendant carelessly and negligently drove and operated an automobile *in such a manner as to run onto the sidewalk,* striking plaintiff and causing plaintiff to be pinned between said automobile and a building." Defendant's answer was a general denial. Plaintiff recovered a verdict for $14,000, and from the judgment entered thereon defendant has appealed.

Plaintiff's evidence tended to show that on February 1, 1930, he was standing on the sidewalk, at the southwest corner of the intersection of Twenty-second and Morgan streets in the city of St. Louis, when an automobile owned and driven by defendant ran upon the sidewalk behind him, struck and pushed him into the side of a building. Plaintiff had both legs broken and sustained numerous other injuries and the whole corner of the brick building was torn out. Plaintiff had two witnesses who saw defendant's automobile come from the street onto the sidewalk and strike plaintiff. They did not see this automobile until it started toward the sidewalk and they saw no other car on the street at the time. Plaintiff had another witness who saw two automobiles in the intersection, one of which was defendant's automobile coming south across Morgan Street on Twenty-second Street, the other coming west on Morgan Street and turning south on Twenty-second Street. He said they both reached the middle of the intersection about the same time; that they were traveling at about the same speed; that the car coming from the west cut in, ahead of defendant's automobile to turn onto Twenty-second Street; and that the cars came close together but never touched each other at any time.

Defendant's explanation of the matter was corroborated by two witnesses, one of whom was following him south on Twenty-second Street driving a truck, and the other was stopped on the south side of Morgan Street with his automobile headed north on the west side of Twenty-second Street. Defendant's evidence tended to show that defendant slowed down and changed gears before driving south into Morgan Street; that he proceeded slowly across it; that, when he got beyond the middle of the intersection to the south side of Morgan Street, another automobile coming west on Morgan Street running between forty and fifty miles per hour, turned left onto Twenty-second Street and side-swiped defendant's car, striking the left front fender and causing it to swerve into the part of the street which was covered with ice; that defendant put on his brakes but was unable to control his car; and that his car skidded onto the sidewalk. There was conflicting evidence as to the amount of snow and ice on the streets. According to plaintiff's evidence there was only a slight amount of snow near the curb and there was as much as six inches elevation between the street and curb. According to defendant's evidence the snow and ice extended almost to the traveled part of the street and was level with the top of the curb.

Defendant assigns error in giving plaintiff's Instruction No. 1 and refusing defendant's Instruction C. Plaintiff's Instruction No. 1 was as follows:

"The court instructs the jury that if you find and believe from the evidence that on or about the 1st day of February, 1930, plaintiff was a pedestrian and as such was on the sidewalk on the southwest corner of Twenty-second Street and Morgan Street, and if you further find that an automobile owned and being driven by the defendant ran over and upon the aforesaid sidewalk striking plaintiff and injuring him, if you so find, *then there is a presumption of negligence on the part of the defendant, and if you so find that the defendant was negligent, then your verdict will be in favor of the plaintiff and against the defendant and the burden of proof is cast upon the defendant to overcome such presumption by a preponderance of the evidence and to establish the fact that there was no negligence on the part of the defendant.*"

Defendant's Instruction C was as follows:

"The court instructs the jury that (*the charge of negligence made by plaintiff against defendant by this action must be proved to the satisfaction of the jury by the greater weight of the evidence, and*) the burden of proof is on the plaintiff to show that he was injured by the negligence of the defendant. *The jury have no right to presume negligence, nor to speculate upon the facts, and if the evidence does not preponderate in favor of the plaintiff, then your verdict should be for the defendant.*"

■ We think that the italicized portions of both instructions are objectionable. This case is presented upon the theory that it is a case where the res ipsa loquitur rule applies and that view seems to be sustained by good authority.- [1 Berry on Automobiles (6 Ed.) 383, sec. 452; 15-16 Huddy on Automobile Law (9 Ed.) 281, sec. 157; Smith v. Hollander (Cal. App.), 257 Pac. 577, 259 Pac. 958; Linberg v. Stango (Cal.), 297 Pac. 9, 75 A. L. R. 555, and note l. c. 562; Gates v. Crane Co. (Conn.), 139 Atl. 782; Bailey v. Fisher (La. App.), 123 So. 166; Scott v. Checker Cab Co. (La. App.), 126 So. 241; Griffith v. Simrell & Son Co. (Pa.), 155 Atl. 299; Heidt v. Peoples Motor Bus Co. (Mo. App.), 9 S. W. (2d) 650; Hollensbe v. Pevely Dairy Co. (Mo. App.), 38 S. W. (2d) 273; Miller v. Callahan Const. Co. (Mo. App.), 46 S. W. (2d) 948; Mackler v. Barnert (Mo. App.), 49 S. W. (2d) 244; see, also, Rogles v. United Rys. Co. (Mo.), 232 S. W. 93.]

It will be noted the plaintiff's only allegation of negligence is that defendant negligently "*operated an automobile in such a manner as to run onto the sidewalk.*" This certainly does not charge specific negligence. It does not charge how defendant was negligent, as, for example, that he either carelessly or purposely drove too fast, or failed to keep a lookout, or drove on the wrong side of the street,.

or drove across the intersection when he did not have the right of way. It is indeed difficult to see how a more general charge of negligence could be stated. *"In such a manner"* means no more than *"in some careless manner."* If a train jumps off the track, the rule of *res ipsa loquitur* applies. There would seem to be no good reason why the same rule should not apply when an automobile jumps out of the street and the plaintiff does not know what caused it to do so. The occurrence would seem to speak negligence and it is easy to see why an injured plaintiff would not know what specific negligence did cause it. If it would apply to a passenger who could not find out the cause because he was inside the conveyance where he could not see what took place, why would it not apply to an innocent bystander who might not even know what hit him. As said in Smith v. Hollander, supra:

"When an automobile leaves its accustomed place of travel in the street, runs upon the sidewalk, and there strikes a pedestrian, the doctrine of *res ipsa loquitur* has been generally held to apply (citations). In such case all the elements necessary for the application of the doctrine are present. The injured person is not in a position to know the cause of the mishap. The one in control of the instrumentality causing the injury is or should be in a position to know. Such an occurrence does not usually happen in the absence of negligence on the part of the one in control of the automobile."

"The character of the accident, rather than the fact of the accident, determines whether the doctrine of *res ipsa loquitur* applies." [15-16 Huddy, sec. 157.] It is certainly most unusual for an automobile to leave the street and run onto a sidewalk at such speed and with such force as to tear out part of the wall of a brick building. Surely such an occurrence would justify an inference of negligence. The fact of the occurrence was all that plaintiff's evidence showed in this case. We will, therefore, consider this case as a *res ipsa loquitur* case. We further hold that the mere fact that one of plaintiff's witnesses saw two automobiles in the intersection was not sufficient to take the case out of the *res ipsa loquitur* rule, since his testimony does not definitely show what specific negligence caused the accident, under the doctrine of Conduitt v. Trenton Gas & Electric Co., 326 Mo. 133, 31 S. W. (2d) 21.

The italicized portion of plaintiff's Instruction No. 1 is reversible error in any kind of a case under the decision of this court en banc in McCloskey v. Koplar, 329 Mo. 527, 46 S. W. (2d) 557, which holds that "when the instruction further requires the defendant to rebut the presumption or inference of negligence by a preponderance of the evidence, it is reversible error;" that "in a *res ipsa loquitur* case, as in any other, the plaintiff starts out bearing both the burden of proof and the burden of evidence;" that "the plaintiff need only show that he was injured by some negligence

of the defendant;'' that "this, of course, broadens the issue the defendant has to meet, but it does not shift the burden of proof;" and that "an instruction which places the burden of proof on the wrong party is prejudicially erroneous." ▮ However, the first italicized part of defendant's Instruction C is improper as confusing and misleading, in a res ipsa case, because there is technically no specific charge of negligence made by plaintiff. Since his petition alleges only general negligence, this would tend to mislead. The second italicized portion of defendant's Instruction C could not help but mislead and confuse the jury, in a res ipsa case, because they did have the right to presume (infer) negligence from the facts shown in plaintiff's evidence.

What is a res ipsa loquitur case anyhow? Reduced to simple terms does it not merely mean that negligence can be proved by circumstantial evidence and that certain circumstances, as to the character of an accident, are sufficient to take the case to the jury? As is so well said by the Supreme Court of the United States in the case quoted from in the separate concurring opinion in McCloskey v. Koplar:

"Res ipsa loquitur means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal, not necessarily that they require it; that they make a case to be decided by the jury, not that they forestall the verdict."

The principal difference between a res ipsa loquitur case and a specific negligence case would seem to be that the very basis of liability, the existence of some negligence, may be shown by a particular kind of circumstantial evidence, namely, an unusual occurrence of a character which ordinarily results only from negligence (both in pleading and proof) and from which, therefore, negligence is a reasonable inference; while in a specific negligence case the careless acts or omissions which constitute negligence must be stated and proven. In other words, in a res ipsa case the ultimate fact, some kind of negligence, is inferred without any evidential facts except the unusual occurrence itself; while in a specific negligence case there must be evidential facts sufficient to show some negligent acts or omissions which were the proximate cause of the occurrence. This case well illustrates how simple issues may be made difficult by attempting to instruct the jury as to technical rules of law rather than as to the issues before them. There has been enough controversy among lawyers about the meaning and effect of the res ipsa loquitur rule that we should not expect laymen to understand a technical statement of its effect upon the burden of proof.

There is only one very simple and easily understood question of fact in this case. It is: Did defendant's automobile leave the street, run upon the sidewalk, and strike plaintiff because the defendant negligently operated it, or was it caused to do so because another automobile forced it upon the sidewalk by striking it or getting in its path? The jury had only to decide which of these conflicting explanations of the occurrence they would believe. This issue ought to be clearly, simply and plainly stated to the jury. They should not be given legal rules but told what they must find in order to return a verdict. Plaintiff has the burden of proof of showing that the defendant was guilty of some negligence which caused his injury, but he is entitled to have the jury know that this may be proven circumstantially. This is true of any general negligence or *res ipsa* case. Since the matter of proper instructions in a *res ipsa loquitur* case is now a matter of great interest and controversy among the members of the bar of this State, the writer, although mindful of the proverb, "Fools rush in where Angels fear to tread," makes the following suggestions:

For the italicized part of plaintiff's Instruction No. 1 substitute the following:

"Then you are instructed that such facts (if you believe them to be true) are sufficient circumstantial evidence to warrant a finding by you that the defendant was negligent, and you may so find, unless you find and believe from other facts and circumstances in evidence that the occurrence was not due to the defendant's negligence, and if you do find and believe from all of the evidence in the case that the defendant was negligent and that the plaintiff's injuries, if any, were directly caused by the defendant's negligence, then your verdict should be for the plaintiff."

As to defendant's Instruction C, leave out the first italicized part thereof and place the words "by the greater weight of the evidence" after the word "show;" and for the second italicized part of defendant's Instruction C substitute the following:

"You should not find that the defendant was negligent from the mere fact of the occurrence shown by the plaintiff's evidence, if you find and believe from all the evidence in the case that the defendant was not negligent, and if you do find and believe from all of the evidence in the case that the defendant was not negligent, then your verdict should be for the defendant."

For recent cases considering instructions in *res ipsa loquitur* cases those interested may consult Sakowski v. Baird, 334 Mo. 951, 69 S. W. (2d) 649; State ex rel. Hurley v. Becker, 334 Mo. 537, 66 S. W. (2d) 524; and Hulen v. Wheelock, 318 Mo. 502, 300 S. W. 479; see, also, Randall's Instructions to Juries; sections 1716-1722 and 4094. The defendant here would, of course, also be entitled to other instructions, which he had (Nos. 4 and 5), telling the jury to find for

him if they found that his version of the occurrence was true and that negligence of a third person driving the other car was the sole cause thereof.

Plaintiff does not contend that his Instruction No. 1 was correct under the rule of McCloskey v. Koplar, but reargues the contentions overruled in that case. Plaintiff further contends that, because this case was tried prior to the decision in McCloskey v. Koplar, it should not be reversed and remanded for another trial because his instruction was erroneous under the rule of that case. Of course, if that rule had been followed in McCloskey v. Koplar (that contention was there made on motion for rehearing), that case would not have been reversed and remanded. Plaintiff cites State ex rel. May Department Stores Co. v. Haid, 327 Mo. 567, 38 S. W. (2d) 44; Gilday v. Smith Bros., Inc. (Mo. App.), 50 S. W. (2d) 191; Polokoff v. Sanell (Mo. App.), 52 S. W. (2d) 443. In the two latter cases, the Kansas City Court of Appeals declined to follow McCloskey v. Koplar in cases where instructions were given in trials before it was handed down. As the reason for its decision the court said: "The trial court cannot be put in error by a subsequent change of the law." It might be observed that the most important matter is not whether a trial court is put in error but whether the rights of litigants have been prejudiced by the application of an incorrect rule of law. This court has very recently passed upon the precise question, in Lober v. Kansas City, 74 S. W. (2d) 815, decided May Term, 1934, not officially published, wherein the situation in State ex rel. May Department Stores Co. v. Haid is distinguished and the cases of Gilday v. Smith Brothers and Polokoff v. Sanell are, in effect, overruled.

This court in its opinion on the motion for rehearing in the Lober case stated the correct rule of law as follows:

" 'It is a well-settled rule that, if before final decision in a case a new statute as to procedure goes into effect, it must from that time govern and regulate the proceedings. . . . And a like result is produced by *a change in the construction of a statute relating to procedure* by a court of last resort.' This is the extent to which this court has gone and no further. We have not ruled, as plaintiffs contend, that 'no order, ruling or decision of a trial court should be reversed because of changes' in the law as evidenced by overruling a former case on the same subject 'where said ruling or decision was correct when made' according to such overruled case. *In matters of general law, former cases are overruled because the ruling therein never was the law* and the case in hand is decided the same as if such overruled case had never been written. Such has been our constant practice, as the published reports show, and we merely refer, for illustration, to Scanlon v. Kansas City, 325 Mo. 125, 28 S. W. (2d) 84; McCloskey v. Koplar, 329 Mo. 527, 46 S. W. (2d) 557; Lamar

W. & E. L. Co. v. Lamar, 128 Mo. 188, 26 S. W. 1025, and Bollinger v. St. Louis-San Francisco Ry. Co., 334 Mo. 720, 67 S. W. (2d) 985.'' (Our italics.)

The judgment is reversed and the cause remanded. *Ferguson* and *Sturgis, CC.*, concur.

PER CURIAM:—The foregoing opinion by HYDE, C., is adopted as the opinion of the court. All the judges concur, except GANTT, J., in result only.