[1] Velma Payne, plaintiff-appellant, appeals here after an adverse verdict and judgment in her personal injury action for $20,000. She now contends that two of defendant's instructions were reversibly erroneous. We refer to the parties as plaintiff and defendant.
[2] After a surgical operation in a hospital plaintiff employed the defendant, who operated ambulances for hire, to move her from a hospital in Kansas City to her home in Independence. She alleged that as she was being carried on the ambulance cot from the ambulance up the steps leading to her home the defendant's employees, so carrying her, permitted the cot and plaintiff to be dropped and to fall thus causing her to be injured. Mr. Spry, one of defendant's employees carrying the cot, testified that when he and Mr. McFarland, the other attendant carrying plaintiff upon the cot, reached the top of the terrace, about 12 feet from the curb and ambulance, his right foot went into a hole which was concealed by grass. His ankle turned and he went down to his knees but the cot was not dropped. The cot was set down on the ground by both attendants and was kept level. The hole was two or three inches deep, covered with grass and was not observable. He did not see the hole before he stepped into it.
[3] Plaintiff's case was pleaded upon the res ipsa loquitur doctrine. Her proof was based on that doctrine. Her cause was submitted in her main instruction number 1 upon that theory. That instruction, among other things, told the jury, "* * * that it was the legal duty of defendant to exercise due care to transport plaintiff to her home, and that defendant would be responsiblefor negligence, if any, on the part of his employees while engaged in carrying plaintiff, * * * and if you find that (while carrying plaintiff) * * * defendant's * * * employees * * * permitted said cot to be dropped * * * that said * * * ambulance cot was * * * exclusively * * * under the control of defendant * * * and * * * that * * * said cot being so permitted to drop * * * was extremely unusual * * * and that in the usual conduct of such business * * * such would not usually occur * * * you mayinfer that defendant was negligent, and you may so find, unless you find * * * that such occurrence (dropping of the cot) wasnot due to defendant's negligence; and if you do find * * *that defendant was negligent * * * then your verdict shall be for plaintiff". (Emphasis ours.)
[4] It is first contended that defendant's given instruction 4 was reversibly erroneous. That instruction was as follows: "The court instructs the jury that if you find and believe from the evidence that the employees of the defendant were carrying the plaintiff from the ambulance into her house, and that while so doing, one of said employees, without negligence on his part,
stepped into a hole or depression which caused him to fall, and that the dropping, if any, of the ambulance cot which plaintiff was upon, was directly and solely caused by such occurrence, andthat the employees were not negligent, then your verdict should be in favor of the defendant". (Emphasis ours.) Plaintiff contends that instruction 4 is erroneous because it fails to define negligence, fails to hypothesize the evidence on which the absence of defendant's negligence can be predicated and submits an issue of law.
[5] Plaintiff's main instruction number 1 advised the jury that (1) defendant was under a legal duty to use due care to transport plaintiff (the failure to so use due care being negligence) (2) defendant was responsible for negligence (3) which could be inferred from the facts predicated (4) and which (negligence) the jury was authorized to find (5) unless the jury found the dropping of the cot was not due to defendant's negligence, (6) but if they found defendant was negligent the verdict should be for plaintiff. Defendant's instruction 4 was substantially the converse of plaintiff's main instruction number 1. And the instructions must be considered as a whole.
[6] If plaintiff desired the jury to be more specifically instructed upon the meaning of the word "negligence" than they were in her main instruction, it was *Page 62 
incumbent upon her to ask such definitive instruction. Engleman v. Railway Express Agency, 340 Mo. 360, 100 S.W.2d 540.
[7] The inference of negligence may be warranted by a plaintiff's evidence in a res ipsa loquitur case but such inference is not compelled. In such a case the circumstantial evidence which will justify the jury in inferring defendant was negligent may be that the instrumentality causing the injury was in the control of defendant at the time of injury and that the occurrence itself was so unusual that ordinarily it would not occur unless the defendant was negligent. Those things will permit an inference of negligence which the jury must consider with whatever evidence, if any, is offered by defendant in explanation of the occurrence. Harke v. Haase, 335 Mo. 1104, 75 S.W.2d 1001; Maybach v. Falstaff Brewing Corporation, Mo.Sup., 222 S.W.2d 87. After a plaintiff in a res ipsa case has rested his case in chief, defendant may or may not offer evidence. Assuming the case is one for the jury, when such a case goes to the jury it is at liberty to return a verdict for either plaintiff or defendant. Defendant's instruction need not hypothesize more specifically than did instruction 4 the evidence upon which the absence of negligence on defendant's part may be found by the jury. Instruction 4 submitted the direct converse theory of plaintiff's instruction 1 and followed substantially our ruling in Harke v. Haase, supra. It should be noted that instruction 4 does specifically require the jury to find that "one of said employees, without negligence on his part stepped into a hole * * * which caused him to fall", and under the instant circumstances that instruction is sufficient and proper.
[8] Under the submission of the instant instructions, when all are considered together, plaintiff's contention that instruction 4 submitted an issue of law is without merit.
[9] Plaintiff relies on such cases as Long v. Mild, 347 Mo. 1002,149 S.W.2d 853; Pulse v. Jones, Mo.Sup., 218 S.W.2d 553, and which apply where sole cause is relied on or where the defense is an affirmative one. There was no affirmative defense in this case. Defendant's testimony by the two employees explains that the hole hidden by grass caused Mr. Spry to turn his ankle causing him to go down to his knees. Those facts were not pleaded as an affirmative defense but defendant had a right to have them related to the jury to explain the occurrence. Being explanatory of a res ipsa loquitur situation defendant was authorized to submit them in an instruction as a basis for a finding by the jury that defendant was not negligent. The point is without merit.
[10] It is further contended that the giving of defendant's instruction 3 was reversible error. After instructing upon the burden of proof that instruction concluded with this sentence: "You should not find the defendant or his employees were negligent from the mere fact of the occurrence shown by plaintiff's evidence, if you find and believe from all the evidence in the case that the defendant and his employees were not negligent, and if you do find * * * from * * * the evidence * * * that defendant and his employees were not negligent, then your verdict should be for the defendant".
[11] While conceding that this court approved instruction 3 in Harke v. Haase, supra, plaintiff contends the use of the italicized word "mere" is erroneous. It is argued by plaintiff that inasmuch as her instruction 1 told the jury that from the facts therein predicated (unusualness, etc.) the jury could infer negligence, the use in instruction 3 of the word "mere" tends to "belittle and stultify" plaintiff's submission of her case. We do not agree with that view. In Stumpf v. Panhandle Eastern Pipe Line Co. et al., 354 Mo. 208, 189 S.W.2d 223, 229, it was said that in an instruction therein under consideration the words "mere fact" were unnecessary. The use of those words was not there held erroneous. Our opinion in Harke v. Haase, supra, settled the instant contention adversely to plaintiff. The criticism here made by plaintiff is hypercritical and not well founded.
[12] The judgment below is affirmed. It is so ordered.
[13] All concur. *Page 73