Kay STRONG, Respondent,

v.

Thomas MANZELLA, doing business as American Cab Company, Appellant.

No. 22159.

Kansas City Court of Appeals.

Missouri.

Jan. 10, 1955.

J. K. Owens, Kansas City, for appellant.

Raymond G. Barnett, Kansas City, for respondent.

BROADDUS, Judge.

This is an action for damages for personal injuries. Plaintiff recovered a verdict and judgment for $6,000 and defendant appealed.

On August 18, 1950, plaintiff entered a taxicab of defendant as a passenger and informed defendant's employee in charge of the cab that she wanted to be transported to St. Joseph's Hospital in Kansas City, Missouri. When the taxicab reached the intersection of Truman Road and Main Street in said City it made an unusual and abrupt stop and came into collision with another vehicle. As a result of this occurrence plaintiff was severely injured. The cause was pleaded and submitted under the doctrine of *res ispa loquitur*.

Defendant's sole contention upon this appeal is that Instruction No. III given on behalf of plaintiff constitutes a comment upon the evidence. Said instruction is as follows:

"The Court instructs the jury that if you find for the plaintiff then it is your duty to award her such damages as you find from the evidence will reasonably and fairly compensate her for such injuries and physical disability, if any, as you find from the evidence, has directly resulted to her, as a direct result of any injuries *you find from the evidence resulted to her by reason of said sudden stop and collision, if such you find.*"

Defendant's complaint is directed at that portion of the instruction we have placed in italics.

This Court approved an instruction in the case of Rush v. Hollingsworth, Mo.App., 89 S.W.2d 535 containing almost the identical language as that appearing in the above instruction. There the instruction questioned read:

> " 'If you find for the plaintiff then it is your duty to award her such damages as you find from the evidence will reasonably and fairly compensate her for such injuries and physical disability, if any, as you find from the evidence, has directly resulted to her as a direct result of any injuries you find from the evidence resulted to her by reason of said collision.' "

That, too, is the instant Instruction No. III, except (1) for its introductory phrase, "The Court instructs the jury that", and except (2) for the phrase "sudden stop," and except (3) for the qualifying clause added at the very end, to-wit: "If such you find." The first difference, that of the introductory phrase, is of no consequence. The next difference, the inclusion of the phrase "sudden stop", apparently was added, because by defendant's own testimony, there was a sudden stop as well as a collision. The added terminal phrase protected defendant against any possible jury misunderstanding. It is to be seen that the instruction does not go into the facts of the accident itself, except to that extent which is essential in order to identify and restrict any damages allowable by the jury to such as are directly attributable to the sudden stop and collision, "if such you find." That was as it should have been. Any damages resulting to plaintiff from any other cause were not for the jury's consideration.

In this connection it is well to note that under the main instruction (No. I) given on behalf of plaintiff the jury was required to find that the cab in which plaintiff was riding as a passenger "came to a sudden and abrupt stop" and that defendant was negligent. Instruction No. I

followed the form suggested in the much cited case of Harke v. Haase, 335 Mo. 1104, 75 S.W.2d 1001. It is an established rule that instructions are to be read together and construed as a whole. When Instructions I and III are considered together it is apparent no error was committed. The judgment is affirmed.

All concur.