Donna COLEMAN and Linda Coleman, Minors, by Chester L. Coleman, Next Friend, and Chester L. Coleman and Leona Coleman, Appellants,

v.

SEARS, ROEBUCK AND CO., a Corporation, Appellee.

No. 15592.

United States Court of Appeals Eighth Circuit.

Nov. 2, 1956.

Harry Gershenson, St. Louis, Mo., for appellants.

Norris H. Allen, St. Louis, Mo. (Norman Bierman and Anderson, Gilbert, Wolfort, Allen & Bierman, St. Louis, Mo., on the brief), for appellee.

Before GARDNER, Chief Judge, and WOODROUGH and VOGEL, Circuit Judges.

WOODROUGH, Circuit Judge.

This action was brought in the state court of Missouri against Sears, Roebuck and Company to recover damages for personal injuries sustained by the minors, Donna Coleman and Linda Coleman, and for expenses resulting to their parents. It was alleged in the complaint that the children accompanied by their mother were in defendant's Kingshighway store in St. Louis on the first floor thereof, and a "Coca-Cola bottle was negligently permitted to fall from the second to the first floor of said store striking said plaintiff (Donna Coleman in the first count and Linda Coleman in the second) and injuring her as hereinafter set forth." The defendant answered admitting that the plaintiffs were in the store as alleged, but denying the other allegations.

The parties entered into and filed a stipulation in accordance with a pre-trial conference agreeing that the twenty paragraphs following "are facts in the above entitled cause and may be used as admitted facts therein:"

"1. On June 17, 1954, plaintiff Donna Coleman and plaintiff Linda Coleman were present with their parents on the first floor of a general merchandise store operated by defendant Sears, Roebuck and Co. situated at 1408 North Kingshighway in the City of St. Louis, State of Missouri, at or about 3 o'clock p. m. as invitees.

"2. That Sears, Roebuck and Co. owns and operates said general merchandise store for profit and holds it open to the public, and did so on said day.

"3. That Coca-Cola was sold by an automatic dispenser situated in the female customers' rest-room on the second floor of said store; that on occasion female employees use said room.

"4. That said rest-room is situated inside a closed door leading to said rest-room and toilet facilities.

"5. That a rack or cases are situated adjacent to the Coca-Cola machine inside the rest room for the receiving of empty bottles.

"6. An agreement was in force between Sears, Roebuck and Co. and a concern named Johnston Tobacco Company for the concession of vending machines in Sears, Roebuck and Co. stores; that through said Johnston Tobacco Company the Coca-Cola Bottling Company placed said machine in the female customers' rest-room on the second floor and that Coca-Cola Bottling Company owns said machine.

"7. That Coca-Cola Bottling Company brought into the store the full bottles of Coca-Cola, serviced said machine, and removed the empty bottles.

"8. That Sears, Roebuck and Co. did not service the machine in said rest-room nor put into the machine nor into said room full bottles nor remove from said machine or said room empty bottles.

"9. That Sears, Roebuck and Co. knew said machine was in said rest-room and indirectly received some compensation from the sale of Coca-Cola from said machine.

"10. That Coca-Cola in bottles was sold elsewhere in said store and more particularly on the third floor of said store.

"11. That there is attached hereto a picture of a woman leaving the inside of the room, through the opened door of which a railing adjacent to the stairway and stairwell leading from the second to the first floor appears and in which picture a Coca-Cola machine, which was situated in said room, is present.

"12. That the stairway, the top of which is shown in a picture attached hereto, runs from the second floor to the first floor and that said stairway is further depicted in a picture attached hereto showing the head of the stairway which runs from the first to the second floor to the right of which is the door shown in the first picture mentioned above.

"13. That on the date mentioned above both plaintiffs were standing at the foot of the foregoing stairway or stairwell on the first floor, at which time an empty Coca-Cola bottle fell from the second floor, through said stairwell.

"14. That said Coca-Cola bottle hit both plaintiffs; that said Coca-Cola bottle was empty, the cap was removed and there was no Coca-Cola in the bottle.

"15. That neither plaintiffs nor defendant has any evidence as to where said bottle was originally purchased or by whom.

"16. That neither plaintiffs nor defendant has any evidence concerning who left the empty bottle at the place from which it fell.

"17. That neither plaintiffs nor defendant has any evidence as to how long said bottle had been left or remained on the second floor or at the place from which it fell.

"18. That neither plaintiffs nor defendant has any evidence as to whether the bottle was taken from the machine in the female customers' rest-room or was brought into the store by anyone other than the Coca-Cola Bottling Company.

"19. That the store had been opened and customers had been on the floors thereof from the early morning of said day.

"20. A picture looking through said stairwell is attached."

No other evidence was adduced in the case.

The plaintiffs filed a motion that the court "enter a declaratory judgment finding the issues in favor of the plaintiffs and against defendant upon the agreed statement of facts filed herein (permitting plaintiffs to offer evidence on the question of damages)."

The defendant filed a motion for a summary judgment in its favor and stated, "that the pleadings and admissions on file show that, except as to the amount of damages, there is no genuine issue as to any material fact, and that the defendant, the moving party, under the pleadings and admissions on file is entitled to a judgment in its favor as a matter of law * * *."

The Court declared that the parties had "waived a trial by jury" and "submitted the causes herein to the Court on the pleadings and admissions on file" and after consideration it handed down its opinion as follows:

"In order for the doctrine of res ipsa loquitur to be applied it must be shown that—

"(a) the occurrence resulting in injury was such as does not ordinarily happen if those in charge use due care; (b) the instrumentalities

involved were under the management and control of defendant; (c) and the defendant possesses superior knowledge or means of information as to the cause of the occurrence." [McCloskey v. Koplar, 1932, 329 Mo. 527, 533, 46 S.W.2d 557, 559, 92 A.L.R. 641.]

"But if the accident is not traceable to the control or right of control of the defendant to the instrumentality, the plaintiff has not made out a res ipsa case. Thus it must not be equally inferable from the plaintiffs' evidence that some third person, over whom the defendant had no control, caused the accident.

"For example, in Hart v. Emery-Bird-Thayer Dry Goods Co., 1938, 233 Mo.App. 312, 118 S.W.2d 509, the plaintiff, a customer in defendant's store, was injured when awnings which were piled on a display table rolled off the table and struck her. Plaintiff's evidence showed that customers of defendant's store customarily handled and examined the merchandise prior to the time it fell. The Court held that the plaintiff had not established a res ipsa case because it was just as likely that the accident occurred because of a customer's negligence as it was that the defendant caused the accident. The Court said, page 513:

" 'The trouble with plaintiff's contention is that the burden was upon her, in the first instance, to produce evidence showing that there was a greater probability that the awnings fell as a result of defendant's negligence than from some other cause, which plaintiff failed to do. Although falling object cases afford a very common illustration of the circumstances under which the doctrine of res ipsa loquitur has been applied * * * the mere fact that the injury is caused by a falling object does not give rise to a case under that doctrine.

" 'In the case at bar, the inference that defendant piled awnings on the table, or allowed them to remain so piled, in such a manner as to cause them to fall off, is no greater than that some customer had done so without defendant's knowledge. Under such circumstances the matter is left to speculation and plaintiff made no case under the doctrine in question.'

"In the case at bar, if the plaintiff had been injured by a bottle falling from the rack in the lady's rest-room, the res ipsa loquitur doctrine might well be applicable. See Barker v. Crown Drug Co., Mo. 1955, 284 S.W.2d 559. But the injury here complained of resulted from a Coca-Cola bottle falling from the second floor of defendant's store through the stairwell. It would seem to be incontrovertible that some person must have carried the bottle to the place from which it fell. In light of this fact it would seem as probable that a third person, over whom the defendant had no control, caused the bottle to fall as that an employee of defendant caused it to fall. As a result plaintiff has not established a res ipsa loquitur case. Hart v. Emery-Bird-Thayer Dry Goods Co., supra; Weisbrod v. Katz Drug Co., Mo.App. 1949, 223 S.W.2d 97; See Prosser on Torts, p. 298 (1st ed. 1941)."

Judgment was entered in accord with the opinion for the defendant at plaintiffs' costs.

The plaintiffs appeal.

They take no exception to the Court's declaration set forth in the judgment that the case was submitted to the Court on the pleadings and admissions on file, and it is clear from the record that the declaration is in accord with the intention of the parties. Both intended that the Court should decide the case upon the stipulated facts without a jury and the opinion of the Court discloses that the Court based its decision that negligence

of the defendant causing the injury was not shown on the inferences which the Court drew from the facts stipulated.

Appellants contend for reversal in substance (1) that a case for recovery by plaintiffs was made out and the Court erred in ruling to the contrary; (2) that it was immaterial who carried the bottle to the place from which it fell; and (3) that the evidence supported the res ipsa loquitur inference of some kind of negligence of defendant under Bartlett v. Pontiac Realty Co., 224 Mo.App. 1234, 31 S.W.2d 279, and Barb v. Farmers Insurance Exchange, Mo., 281 S.W.2d 297.

The stipulated facts do not include any concession that defendant was negligent. The question whether it was or was not negligent was submitted to be decided and was decided by the Court. The appellants are seeking a trial of the issue de novo, and in effect ask that this Court substitute its judgment for the judgment of the trial court on the issue of whether or not the defendant was guilty of negligence proximately causing the injuries suffered by them. Such is not this Court's function. Checker Food Products Co. v. Ralston Purina Co., 8 Cir., 232 F.2d 477–478.

The primary consideration in applying the rule of res ipsa loquitur is whether the circumstances are such as to sustain an inference that the injury was the result of defendant's negligence, but even if that inference may be justified, it does not necessarily require a finding of negligence. It affords merely an evidentiary element to be considered and weighed by the trier of the facts along with all the other evidence. Rocona v. Guy F. Atkinson Co., 9 Cir., 173 F.2d 661 citing Sweeney v. Erving, 228 U.S. 233, 33 S.Ct. 416, 57 L.Ed. 815; Jesionowski v. Boston & Maine R. Co., 329 U.S. 452, 67 S.Ct. 401, 90 L.Ed. 1607, 169 A.L.R. 947; and Johnson v. United States, 333 U.S. 46, 68 S.Ct. 391, 92 L.Ed. 468. Here the trial court having considered all the facts submitted to it decided that an inference that plaintiffs' injuries resulted from defendant's negligence was

not justified, and that on the whole evidence the defendant was entitled to judgment. We can not say that reasonable minds could not so conclude, nor that the decision was clearly erroneous. Missouri law is controlling and the District Court cited and applied that law. We have carefully examined the cases cited and relied on, Barb v. Farmers Insurance Exchange, supra; Bartlett v. Pontiac Realty Co., supra; Cooper v. 804 Grand Bldg. Corp., Mo.1953, 257 S.W.2d 649; Cruce v. Gulf M. & O. R. Co., 1948, 358 Mo. 589, 216 S.W.2d 78; Harke v. Haase, 335 Mo. 1104, 75 S.W.2d 1001, for appellants. We are convinced that none of them requires any contrary ruling.

Appellants present a further contention for reversal that:

"Appellee could have had a guard or wire of some sort in said stairwell which might have caught the Coca-Cola bottle coming through said stairwell, and thus have avoided the injury to appellants, which could have been indicative of negligence sufficient to entitle appellants to recover."

The record shows that in their motion for new trial filed after rendition of the judgment by the District Court, appellants asserted that "negligence could have been inferred on the part of defendant in failing to screen the area way between the wall and the stairs" and that "the Court should permit reopening of cause to permit amendment if necessary of pleading to show above claim of negligence * * *."

The matter thus presented was an additional argument in support of the contention that the agreed facts justified the inference of defendant's negligence causing the injuries, or it was a request that plaintiffs be permitted to change from a claim of general negligence to one for specified negligence, or both. The Court overruled the motion without further opinion.

Insofar as the Court exercised its discretion in ruling on the motion for new trial, it does not appear that there was

any such abuse of discretion as to justify reversal. As to the additional argument that the stairwell ought to have been screened, whether it was presented to the Court on the trial, or as an afterthought after the trial, the ruling of the Court was not clearly erroneous. There was no claim that standard construction of stairwells in stores included such screening, nor is any precedent cited that the absence thereof was evidence of negligence. The ruling of the Court was not clearly erroneous.

Affirmed.