Donald Albert HEERMAN, Appellant,

v.

Jessalynn BURKE, Appellee.

No. 16114.

United States Court of Appeals
Eighth Circuit.

April 29, 1959.

Rehearing Denied June 8, 1959.

Robert E. Seiler, Joplin, Mo. (Seiler, Blanchard & Van Fleet, Joplin, Mo., were with him on the brief), for appellant.

Almon H. Maus and Edward V. Sweeney, Monett, Mo., for appellee.

Before GARDNER, Chief Judge, VOGEL and MATTHES, Circuit Judges.

VOGEL, Circuit Judge.

This is a suit to recover money damages for injuries alleged to have been received by plaintiff (appellee) while riding as a guest in the defendant's (appellant's) automobile. Jurisdiction is based upon diversity of citizenship and amount involved. Plaintiff had judgment based on a jury verdict in the amount of $10,000.00. The sole question raised on this appeal is whether or not the trial court erred in denying defendant's request to have the jury specifically instructed on his theory of the case.

The record reveals that on the morning of July 17, 1956, the defendant, an insurance adjuster, met plaintiff, a shorthand reporter, at a prearranged location so that they could travel together to take statements of witnesses. After meeting, they proceeded together in defendant's automobile, defendant driving and plaintiff riding in the front seat beside him. The witness they were seeking lived at the north end of a north-south gravel country road about one-fourth mile in length. The road was level and smooth. The weather was hot and dry. The windows in the automobile were open. Defendant was wearing a short-sleeved sport shirt and was driving with his left elbow resting on the ledge or sill of the left front window, with both hands on the steering wheel. According to plaintiff, they were traveling between 35 and 40 miles per hour. According to defendant, their speed was between 20 and 25 miles per hour. As they were so proceeding, an insect (wasp) flew into defendant's left shirt sleeve. Defendant removed his right hand from the steering wheel and grabbed at his shirt in an attempt to imprison the insect. As he did so, it stung him in the armpit. Defendant had removed his foot from the accelerator and had it on the brake at the time he was stung. Defendant claims that the sting was sudden, sharp and unexpected and that it caused him to jump and he involuntarily applied the brakes fairly hard, bringing the car to a stop more quickly than he intended. Defendant claims that the automobile veered off just to the right edge of the road. Plaintiff contends that it went into the right ditch, which was about 18 inches in depth. The combination of a sudden stop and the veering off to the right

apparently resulted in plaintiff being thrown forward and injured.

Defendant concedes that the unexplained action of his automobile as testified to by the plaintiff would make a submissible case for a jury under the doctrine of *res ipsa loquitur,* but he contends that the trial court erred in refusing to specifically instruct on his theory of defense and his explanation of the accident. It was the defendant's theory that he was acting with all due care, had complete control of his car, traveling at a proper and moderate rate of speed, when, through no fault of his own, the wasp entered his left shirt sleeve; that his natural, instinctive reaction was to try to contain it, stop the car and then remove the insect from his sleeve; that while he was so doing and was slowing down, the wasp gave him a sharp, sudden and very intense sting which startled, surprised and shocked him and caused him to involuntarily apply the brakes "fairly hard" and bring "the car to a stop quicker than I had intended"; that the wasp's entering his sleeve created an emergency for which he was not responsible and resulted in great mental stress or excitement, and that his actions thereafter should be judged by the emergency rule. In support of his theory of the case, the defendant submitted two requested instructions to the trial court as follows:

"(Requested Instructions on Behalf of Defendant.)

### No. 1.

The court instructs the jury that if you find from the evidence that defendant was driving north on the gravel road at a reasonable rate of speed and in a proper manner under the conditions and circumstances then existing, and if you further find from the evidence that as he was so driving north he had the left door window rolled down and his left arm resting on the left window sill and an insect or wasp got into the sleeve of defendant's shirt, and that he thereupon applied or started to apply his brakes and took hold of his left shirt sleeve with his right hand so as to imprison or contain the insect until he could stop his car and remove the insect from his sleeve, and that as the defendant was so doing the insect suddenly, unexpectedly, and violently stung him in or near the left armpit and defendant thereupon involuntarily and instinctively jumped or reacted by reason of said sting and in so doing turned the steering wheel of his car slightly to the right and made a hard application of the brakes so that he stopped suddenly and in a shorter distance than he had intended and that in so stopping the right front wheel of defendant's automobile got off the traveled portion of the road or into the ditch, and if you further find that by reason of being stung by said insect the defendant was rendered momentarily incapable of controlling his reactions and by reason thereof turned his car to the right and stopped suddenly and that the pulling of the car to the right and suddenly stopping it were not due to the failure of the defendant to exercise the highest degree of care in the operation of his said car, then your verdict will be in favor of the defendant and against the plaintiff.

### No. 1B.

"If you find and believe that while the defendant was driving his automobile on the gravel road in question an insect or wasp got into the sleeve of his shirt and that defendant was thereby placed in a position of great mental stress or excitement, and by reason thereof defendant was faced with an emergency calling upon him for decision while under such great mental stress or excitement, and if you find that said sudden emergency was not caused or occasioned by any negligence on defendant's part—then you are instructed that defendant is not held to the same degree of judgment and care as would be required of him if he was called upon to act under

normal conditions and without any influence of great mental stress or excitement—and if you further believe and find from the evidence that when said sudden emergency came into existence the defendant thereafter acted as any very careful and prudent person would have acted and done under the same or similar circumstances, then you should take such matter into consideration in determining whether defendant was or was not negligent under the circumstances shown in evidence and if you find and believe from all the evidence that defendant was not negligent under all the facts and circumstances shown in evidence then your verdict should be in favor of defendant, and this is so even though you may find and believe from the evidence that plaintiff sustained some personal injury at the time of the casualty in question."

The court denied defendant's requests and instead instructed as follows:

"So if you find and believe from the evidence that under the facts and circumstances shown in evidence the defendant suddenly decreased his speed and caused the automobile in question to veer to the right and partially off the highway in question and brought it to a sudden, abrupt stop, under all the facts and circumstances shown in the evidence, and you find and believe from the evidence that the defendant was negligent in so acting under the circumstances then and there existing, if you find that the negligence was the direct and proximate cause of any injury that the plaintiff sustained in the case, then the plaintiff is entitled to recover in this case and your verdict should be in favor of the plaintiff and against the defendant."

The court thereupon gave the converse of such instruction and thereafter informed the jury:

"Now, the mere fact that the defendant in this case was stung by a bee or a wasp at the time he was operating his automobile in question, standing alone, does not decide this case. It is a circumstance which you can take into consideration, together with all the other facts and circumstances shown in evidence as to the manner in which he was operating his car, his reactions, and so on and so forth, in determining whether or not he was or was not negligent under those facts and circumstances."

Defendant took exceptions to the "refusal of the Court to include the instructions contained in the requested instructions 1 and 1–B."

■ We must determine here whether the record contains sufficient evidence to justify a jury finding of legal excuse or emergency and, if so, whether defendant was entitled, upon request, to a specific instruction on that issue. We think the testimony of the defendant with reference to the wasp entering his shirt sleeve and subsequently stinging him forced the submission of that issue and that the requests made required a specific charge thereon. In Merchants Motor Freight v. Downing, 8 Cir., 1955, 227 F.2d 247, 254, we said:

"This court has held that a party is entitled to a specific instruction on his theory of the case if there is evidence to support it, and if a proper request for the instruction has been made. Chicago & N. W. Ry. Co. v. Green, 8 Cir., 164 F.2d 55, 61; Chicago, R. I. & P. R. Co. v. Lint, 8 Cir., 217 F.2d 279, 285. The court committed prejudicial error in failing to submit the legal excuse issue to the jury."

■ The evidence, as outlined, fully justified the submission of the legal excuse issue. Thereafter it was up to the jury to say whether the wasp's entering the defendant's shirt sleeve created an emergency. If they found it did and the emergency was not of defendant's making and he had not negligently contributed thereto, they were then to measure

defendant's actions in the emergency by what a reasonably prudent person might do under like circumstances, bearing in mind that one so confronted with a sudden emergency is not held to the same exercise of judgment and prudence as is required in calmer and more deliberate moments. The rule is well stated in 65 C.J.S. Negligence § 252a, p. 1134:

> "*Emergency.* The questions whether an emergency existed, and whether a person who was confronted with a sudden emergency exercised such care as an ordinarily prudent man would have exercised, when confronted with a like emergency, ordinarily are questions of fact for the jury. The question whether one was without fault in bringing about an emergency generally is for the jury."

The Missouri rule appears to be in accord therewith. Cf. Leek v. Dillard, Mo. App., 1957, 304 S.W.2d 60, 69; Statler v. St. Louis Public Service Co., Mo.App., 1957, 300 S.W.2d 831, 835; Harding v. Triplett, Mo.App., 1950, 235 S.W.2d 112, 114; Filkins v. Snavely, 1949, 359 Mo. 356, 221 S.W.2d 736.

■ As to failure to give a specific instruction on request, this court, in Apel v. United States, 8 Cir., 1957, 247 F.2d 277, 282, said:

> "As our previous decisions have declared, the general rule is, both in civil and criminal cases, that, 'as against a mere general or abstract charge, a party is entitled to a specific instruction on his theory of the case, if there is evidence to support it and if a proper request for such an instruction is made.' Chicago & N. W. Ry. Co. v. Green, 8 Cir., 164 F.2d 55, 61. See also United States v. Indian Trailer Corp., 7 Cir., 226 F.2d 595, 598."

In Leek v. Dillard, supra, 304 S.W.2d at page 68, the Springfield (Missouri) Court of Appeals stated:

> "However, for refusal to instruct the jury on the law of emergency, the judgment against defendant

Redman cannot stand. The so-called emergency doctrine is not a defense, under which a motorist is exonerated simply by reason of the existence of an emergency. Rohde v. St. Louis Public Service Co., Mo., 249 S.W. 2d 417, 420(1). But, it is a principle in the law of negligence recognizing that, where a motorist is confronted with a sudden emergency, not created in whole or in part by his own negligence, he should not be held to the same accuracy of judgment as would be required if he had time for calm deliberation and that, if he exercises such care as a very careful and prudent person would have exercised under the same circumstances, he should not be convicted for an error in judgment or miscalculation as to space, even though it might appear subsequently that a wiser and safer course could have been pursued. In the instant case, it is readily demonstrable, in retrospect, that Redman's emergency application of brakes was unnecessary, for the Redman automobile passed safely between the Dillard automobile and the bridge railing. However, the situation confronting Redman upon discovery of the Dillard automobile afforded no opportunity for close inspection, calm deliberation or thoughtful balancing of possible expedience. When unraveled in the illuminating glare of hindsight, Redman's problem may become delusively simple and deceptively easy of solution; but, the record indicates that, when the Dillard automobile was sighted, plaintiff herself thought that Redman faced an 'emergency', i.e., 'an unforeseen combination of circumstances which calls for immediate action.'"

See also Harding v. Triplett, supra, 235 S.W.2d at page 114; Nix v. St. Louis Public Service Corp., Mo.App.1950, 228 S.W.2d 369, 373; 53 Am.Jur., Trial, Sec. 626, pp. 487, 488.

Judge Matthes, now a member of this court, formerly of the St. Louis (Mis-

souri) Court of Appeals and speaking for the latter court in Statler v. St. Louis Public Service Co., supra, 300 S.W.2d at page 835, stated the Missouri rule as follows:

> "The principle is firmly established that in res ipsa loquitur cases the defendant is entitled to submit in an instruction the evidence adduced by him in explanation of the occurrence, especially evidence explanatory of the res ipsa loquitur facts which show no negligence. Jones v. Terminal R. R. Ass'n of St. Louis, Mo.Sup., 242 S.W.2d 473, loc. cit. 478, 479; Payne v. Carson, Mo.Sup., 224 S.W.2d 60."

█ The plaintiff contends here, and undoubtedly the trial court intended, that the portions of the charge given, quoted supra, adequately explained the situation to the jury which the defendant hypothetically set out in his requested instructions. We do not agree. The instruction was entirely too general to present defendant's theory of the case and should have been properly supplemented. Requested Instruction No. 1–B, supra, would appear to adequately supply the lacking elements.

█ In so holding we do not mean to be understood as saying that it was error for the trial court to refuse to give the defendant's requested instructions in the specific language in which they, or either of them, were couched. The rule is well established that a trial judge need not instruct in the exact or precise manner of the request. Herzog v. United States, 9 Cir., 1955, 226 F.2d 561, 565–566, rehearing 9 Cir., 235 F.2d 664, certiorari denied 352 U.S. 844, 77 S.Ct. 54, 1 L.Ed.2d 59; Bloch v. United States, 8 Cir., 1955, 221 F.2d 786, 787; United States v. Smith, 3 Cir., 1953, 206 F.2d 905, 911; Wright v. United States, 8 Cir., 1949, 175 F.2d 384, 388, certiorari denied 338 U.S. 873, 70 S.Ct. 143, 94 L.Ed. 535. It is also the rule that the requested instruction need not in itself be perfect. In Chicago & N. W. Ry. Co.

v. Green, 8 Cir., 1947, 164 F.2d 55, 61, this court said:

> "In fact, even a request for an instruction which is not entirely perfect may in some situations impose upon the court the duty to give a more specific instruction on a particular issue, where it soundly appears that such an instruction is needful to enable the jury to intelligently determine the question. Cf. E. I. Du Pont De Nemours & Co. v. Frechette, 8 Cir., 161 F.2d 318, 323; Feldmann v. Connecticut Mutual Life Ins. Co., 8 Cir., 142 F.2d 628, 631; Pfotzer v. Aqua Systems, 2 Cir., 162 F.2d 779, 783."

For refusal to specifically instruct on defendant's theory, this case must be reversed and remanded for a new trial.

On Petition for Rehearing.

PER CURIAM.

█ On Petition for Rehearing, it is contended by the appellee that we overlooked the fact that the appellant did not except to the trial court's charge in the manner required to preserve for review any alleged error in the charge as given by the trial court. Appellant's main brief charged error in the refusal of the trial court to charge the jury on his theory of the case. Appellee, in her brief, in answer to this alleged error, argued that, "The trial court correctly submitted the issue of defendant's negligence to the jury under proper instructions * * *." Nowhere in appellee's brief is there any suggestion that appellant did not take proper exceptions to the instructions so as to enable him to raise this question. There is not a suggestion in the entire brief questioning the sufficiency of the exceptions to the instructions and, hence, this court had no occasion or opportunity to pass upon that question. As it was not raised in this court, we could not have overlooked it. Having taken issue on the merits of this question, appellee waived the procedural question as to the sufficiency of the exceptions taken. Petition for Rehearing is denied.