## LEWIS v. WASHINGTON RY. & ELECTRIC CO.

(Court of Appeals of District of Columbia. Submitted October 6, 1922. Decided January 2, 1923.)

No. 3760.

1. Evidence ⬅194—In answer to demand at trial, carrier held to have produced all evidence in its possession relative to defective car step.

Where injury to passenger was alleged to have been caused by a defective step of a trolley car, and at the trial two years after the accident demand on the defendant to produce the step was made for the first time, and defendant produced its records relative to repairs on the car, this being all the evidence on the subject in defendant's possession, it was all that defendant could be required to produce.

2. Carriers ⬅317(9)—Evidence of subsequent use without accident of alleged defective car step admissible.

In an action for injuries to a passenger alleged to have been caused by a defective car step, extensive and continued use of the car without accident in the condition that it was in at the time of the injury, was admissible to prove the condition of the step at the time of the injury.

3. Carriers ⬅317(5)—Evidence of defective condition of car step two years after accident held inadmissible.

In an action for injuries to a passenger alleged to have been caused by a defective car step, evidence that almost two years after the accident witness saw defects in a step on the car, was inadmissible; there being nothing to show that this particular step in its defective condition was on the end of the car from which the plaintiff alighted at the time of the accident.

4. Carriers ⬅318(3)—Evidence held not to show that car step was defective.

In an action for injuries resulting from passenger falling down the steps of a car, evidence that passenger felt a distinct feeling of being caught and held back *held* not to show that step was defective.

5. Appeal and error ⬅1045(3)—Where verdict should have been directed for defendant, not prejudicial error to allow defendant's bondholder to be juror.

Where a verdict should have been directed for defendant company, a refusal to sustain a challenge to a juror who was a bondholder of defendant company was not prejudicial error.

Appeal from the Supreme Court of the District of Columbia.

Action by Mary B. Lewis against the Washington Railway & Electric Company. Judgment for defendant, and plaintiff appeals. Affirmed.

E. Hilton Jackson, of Washington, D. C., for appellant.

R. J. Whiteford, of Washington, D. C., for appellee.

Before SMYTH, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This suit was brought by appellant against defendant, the Washington Railway & Electric Company, to recover damages for personal injuries sustained while a passenger on one of defendant's street cars. From a verdict and judgment for defendant, plaintiff appealed.

It appears that on October 29, 1918, plaintiff, while in the act of alighting from the car, fell from the step forward onto the street pave

ment and sustained the injuries complained of. It is alleged in the first count of the declaration that plaintiff—

"was in the act of leaving the front platform of said car when her left heel was caught in some obstruction and opening of said step, which opening and obstruction in said step existed at the time aforesaid as a result of the negligence of the defendant, and had existed a long time prior thereto by reason of which negligence the plaintiff fell to the platform or pavement from the step of said car and was dashed and thrown violently to the ground, and was thereby seriously injured."

Substantially the same allegation is contained in the third count of the declaration. The second count is out of the case, since, without objection, it was withdrawn from the consideration of the jury.

It will be observed that the charge of negligence is based wholly upon the defective condition of the step at and prior to the time of the accident. Indeed, the court in its charge confined the jury to the single question of the condition of the step, in the following language:

"The defendant in this case admits that, if there was a hole in this step, that is, that hole was large enough to engage the heel of this plaintiff and did engage the heel of this plaintiff, and thereby caused her to meet with this accident, that it, the defendant, is liable. * * * If there was no such hole in the step, namely, a hole big enough to take her heel and which did take her heel and threw her, then there is no evidence in the case of any condition or circumstance attributable to the defendant which warrants a recovery by the plaintiff. * * * You can discuss the case as you please. If you finally make up your minds that the hole was not there, and that Miss Lewis was injured in some other way, then the defendant is entitled to a verdict."

[1] Error is assigned upon the failure of defendant company to produce in court the step from which plaintiff fell. The case was not tried for more than two years after the accident, and no demand was made upon defendant to produce it until the time of the trial. Defendant company, in response to the demand, produced its records relative to repairs made on the car. While the records showed that steps had been repaired, they failed to disclose that the particular step in question had been repaired or replaced. This was all the evidence on the subject in possession of defendant company; hence, all that it could be required to produce. This is not a case where the defendant was in possession of evidence which it might have produced, but failed to do so.

[2] The records of defendant disclosed that no repairs were made on the car in question between October 29, 1918, the date of the accident, and February 14, 1919, during which time it carried 65,135 passengers. Error is assigned upon the admission of this evidence. We think it was admissible for defendant to show this extensive and continued use of the car, without accident, in the condition it was in at the date plaintiff sustained her injury. It tended to prove the condition of the step at the time plaintiff used it. Indeed, this evidence is corroborative of the direct evidence offered on the subject. The witnesses who were present when the accident occurred and examined the condition of the step testified that they did not observe a hole or depression in the step that could have engaged the heel of plaintiff's

shoe or caused the accident. Under these circumstances, it is inconceivable that if it had been defective or out of repair, the defect would not have been discovered. In cases of personal injury, evidence of continued use of the alleged responsible agency, immediately before and after the happening of the event, is generally held admissible under circumstances similar to those in this case. Carlisle v. Central of Georgia Ry. Co., 62 South. Rep. 759; William Laurie Co. v. McCullough, 174 Ind. 477, 90 N. E. 1014, 92 N. E. 337, Ann. Cas. 1913A, 49; Allen v. B., C. R. & N. R. Co., 57 Iowa, 623, 11 N. W. 614; Field v. Davis, 27 Kan. 400; Ryan v. M. R. Co., 121 N. Y. 126, 23 N. E. 1131; Birmingham Union Ry. Co. v. Alexander, 93 Ala. 133, 9 South. 525; District-of Columbia v. Arms, 107 U. S. 519, 2 Sup. Ct. 840, 27 L. Ed. 618.

[3] Error is assigned upon the court's refusal to permit a witness, offered by plaintiff, to testify that in September, 1920, he went to the barns of defendant company with counsel for plaintiff and defendant to inspect the car from which plaintiff alighted at the time she was injured. Upon arrival he was told by an official in charge that the car had been in two accidents since the date of the accident to plaintiff. He pointed to the step, corresponding to the one from which plaintiff alighted, and stated that the step was not the one on the car at the time of the accident. Witness moved to the left side of the car and discovered two holes in the rear step, either of which was large enough to engage the heel of plaintiff's shoe, which, if the car was reversed, moving with that end forward, would correspond in position with the step from which plaintiff alighted.

The court properly excluded this testimony, since there was nothing to show that this particular step, in its present defective condition, was on the car at the time of the accident, almost two years before, or that plaintiff alighted from the end of the car on which the defective step was located. To have permitted the jury, in the absence of positive identification, to indulge any inference or conclusion which it might have drawn from the testimony of this witness, would be to sanction a verdict based upon a mere guess or speculation.

[4] We think the case turns upon the failure of the court to sustain defendant's motion for an instructed verdict. There was a total failure on the part of plaintiff to sustain the allegations of the declaration. At the close of the case, no evidence had been adduced showing a defective condition of the step. Plaintiff herself could only say:

"I remember a distinct feeling of being caught and held back."

This sensation might have resulted from any one of a number of different causes for which defendant could not have been held responsible. The evidence wholly fails to show negligence on the part of defendant; hence there is no theory upon which a verdict for plaintiff could have been sustained. Such a finding would have been based, not upon proven facts, but upon mere speculation as to how the accident might have occurred. This is not sufficient.

[5] Error is assigned upon the refusal of the court to sustain plaintiff's challenge of a juror who stated on his voir dire that he was a

bondholder of defendant company. It may well be that it was error to retain this juror; but, inasmuch as the court should have sustained defendant's motion for a directed verdict, it is unnecessary to consider this assignment, since, if the court erred, it was error without prejudice.

For the same reason, assignments of error based upon the refusal of the court to grant certain instructions, requested by counsel for plaintiff, are beside the case.

The judgment is affirmed, with costs.