## BROWN v. CAPITAL TRANSIT CO.
### No. 7951.

United States Court of Appeals for the District of Columbia.

Argued March 10, 1942.

Decided April 13, 1942.

Mr. Isadore H. Halpern, of Washington, D. C., for appellant.

Mr. H. W. Kelly, with whom Messrs. S. R. Bowen and R. E. Lee Goff, all of Washington, D. C., were on the brief, for appellee.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

PER CURIAM.

Appellant (plaintiff below), brought suit in the District Court against appellee (defendant below) for damages for personal injuries suffered as the result of the alleged negligent construction, maintenance, and operation of its street car. There was a directed verdict and judgment thereon for defendant.

The case is this: On August 16, 1938, appellant, at about 10:30 in the evening, boarded appellee's car to go to 12th and E Streets in Washington City. With her she had her three-year old grandson and a package of lunch. When the car stopped, she helped the child down from the platform of the car onto the street. When she herself tried to get off, she was thrown off balance and fell, sustaining injuries. Passengers got off the car from the front end by stepping from the aisle to a platform and thence to a step, which dropped into place upon the opening of the doors, and thence to the street. A photograph of the street car, showing its condition at the time of the accident, was admitted in evidence, and was used by appellant in giving her testimony. She alone testified to the circumstances of the accident. In a deposition taken prior to the trial, she described the cause of injury as follows:

"I stepped down from the inside of the car to the platform. * * * I stood perfectly still and put the baby off first. He was on the ground. As I started down I put my right foot off and my left foot I couldn't get off at all. I threw this hand

back (indicating the left hand). I caught that iron bar to catch myself as I threw myself back. As I did that my feet flew from under me and I went right down to the ground, and I threw back this arm (indicating the left arm). The motorman got off and helped me up. I got up and walked to the sidewalk and the motorman followed me and said, "Lady, here is your heel. You pulled it off from the car."

In her testimony on the trial, speaking of the platform of the car, she said:

"I couldn't see that there was anything wrong, but there must have been something wrong or it would not have pulled the heel off my shoe. * * * it was an iron platform, and it had iron hobnails on it and they protruded. * * * I guess they are there to keep people from slipping."

The only material difference in her testimony in the deposition and her testimony on the trial was that at the trial she said her feet slipped from under her rather than "flew from under her". She was unable to say in or on what her heel had caught, though she thought it might have been either the iron borders on the platform or the rough surface caused by the hobnails set in the platform. After examining the photograph showing the condition of the car at the time of the injury, she testified she saw nothing wrong with it.

Appellant's contention here is that the trial court erred in directing a verdict because under the doctrine of res ipsa loquitur appellee was required to introduce evidence showing a lack of negligence. Appellee contends that the doctrine is not applicable because, inter alia, the evidence shows that any one of several things might have brought about the injury, and that the jury cannot be left to speculate as to the cause.

The rule is that the trial court should direct a verdict for the defendant when the evidence and all of the inferences that can reasonably be drawn therefrom do not constitute a sufficient basis for a verdict for the plaintiff. Gunning v. Cooley, 281 U.S. 90, 50 S.Ct. 231, 74 L.Ed. 720. And where the trial judge has the opportunity to see and hear the witnesses and consider matters not capable of record, his decision on a motion for a directed verdict is entitled to weight in an appellate court. Patton v. Texas & P. R. Co., 179 U.S. 658, 21 S.Ct. 275, 45 L.Ed. 361. Applying these

principles to the circumstances of this case, we think the court below was not in error in directing a verdict. Appellant's allegations of negligence are vague rather than specific, and as applied here go no further than an allegation of negligent maintenance of the car. But there is not a single word in plaintiff's testimony on which to predicate a verdict on this ground. The facts shown closely parallel those in Lewis v. Washington Ry. & Electric Co., 52 App. D.C. 243, 285 F. 977, 979. That case, like this, was an action for injuries sustained by a passenger in alighting from a street car. There we said:

"At the close of the case, no evidence had been adduced showing a defective condition of the step. Plaintiff herself could only say:

" 'I remember a distinct feeling of being caught and held back.'

"This sensation might have resulted from any one of a number of different causes for which defendant could not have been held responsible. The evidence wholly fails to show negligence on the part of defendant; hence there is no theory upon which a verdict for plaintiff could have been sustained. Such a finding would have been based, not upon proven facts, but upon mere speculation as to how the accident might have occurred. This is not sufficient."

Where the res ipsa loquitur doctrine is applicable, it means no more than that the party claiming damages has produced proof of a fact, or a series of related facts, which warrant the inference of negligence, not that they compel such an inference. The rule is so stated by the Supreme Court in Sweeney v. Erving, 228 U.S. 233, 33 S.Ct. 416, 57 L.Ed. 815. Where, as here, it is a matter of surmise that the damage was due to a cause for which the defendant is liable, the doctrine is inapplicable. If causes other than the negligence of the defendant might have produced the accident, the plaintiff is bound to exclude the operation of such causes by a fair preponderance of the evidence. Here the sum and substance of appellant's evidence is that an injury occurred.

We are of opinion that the trial court, in directing the verdict, properly took away from the jury the opportunity to guess and speculate, as they must have done to reach a verdict in this case.

Affirmed.