Raymond TAYLOR and Mamie Taylor, Appellants,

v.

CRANE RENTAL COMPANY, a corporation, Appellee.

No. 14118.

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 3, 1958.

Decided April 17, 1958.

Petition for Rehearing Denied May 13, 1958.

1. See 46 U.S.C.A. § 1177(b), (d), and (h).

2. See 46 C.F.R. § 286.1(b) (2) and (3) (1954).

Mr. Dorsey K. Offutt, Washington, D. C., with whom Mr. David F. Smith, Washington, D. C., was on the brief, for appellants.

Mr. Paul R. Connolly, Washington, D. C., with whom Mr. John J. Ross, III, Washington, D. C., was on the brief, for appellee. Mr. Jeremiah C. Collins, Washington, D. C., also entered an appearance for appellee.

Before PRETTYMAN, WASHINGTON and BURGER, Circuit Judges.

PER CURIAM.

Appellant Raymond Taylor was injured when a heavy 16-inch metal pipe fell in the process of being lifted by a crane boom, and he relies on the doctrine of res ipsa loquitur, there being no evidence of negligence on the part of appellee. While the object which caused the injury, the pipe, was known, the precise cause of the accident was unknown, and there were several plausible alternative possibilities, some of which were not within the exclusive control of the crane operator. The pipe, 20 feet long, which had been lying flat on the ground, was being raised at one end by means of an ordinary crane hook slipped over the top of the mouth of the pipe. Appellant himself had chosen this method and set the hook in place. True, it is possible and even plausible that the crane operator misapplied the controls. On the other hand, it is also plausible that the grounded end of the pipe slipped backward as the pipe was raised, or that when the end of the pipe rose, the hook simply slipped upward and off the pipe. It was appellant's burden "to exclude the operation of such causes." Brown v. Capital Transit Co.,

1942, 75 U.S.App.D.C. 337, 127 F.2d 329, 330, certiorari denied 317 U.S. 632, 63 S.Ct. 61, 87 L.Ed. 510. On the evidence adduced, it would be sheer speculation to conclude that the cause of the accident was one within defendant's exclusive control; the record does not present a case within the doctrine of res ipsa loquitur. Washington Loan & Trust Co. v. Hickey, 1943, 78 U.S.App.D.C. 59, 137 F.2d 677; Pennsylvania R. Co. v. Pomeroy, 1956, 99 U.S.App.D.C. 272, 239 F.2d 435, certiorari denied 353 U.S. 950, 77 S.Ct. 861, 1 L.Ed.2d 859.

Affirmed.

WASHINGTON, Circuit Judge, concurs in the result.