261 F.2d 741
 104 U.S.App.D.C. 275
 Pearl Lenora SLAUGHTER, a minor, by her mother and next
friend, Mrs. Eloise Slaughter, and Eloise
Slaughter, individually, Appellants,
v.
D. C. TRANSIT SYSTEM, Inc., Appellee.
 No. 14456.
 United States Court of Appeals District of Columbia Circuit.
 Argued Oct. 21, 1958.
Decided Nov. 13, 1958.
 
 Mr. Samuel Intrater, Washington, D.C., with whom Mr. Albert Brick, Washington, D.C., was on the brief, for appellants.
 Mr. John P. Arness, Washington, D.C., for appellee.
 Before EDGERTON, FAHY and BURGER, Circuit Judges.
 BURGER, Circuit Judge.
 
 
 1
 This is an appeal from a verdict directed for defendant after both parties had presented their evidence. Appellant, a minor girl, alighted from appellee's bus through a side, rear exit, the door of which was automatically controlled by the treadle step of the exit. She testified that 'when my right foot reached the ground, my left foot went up to get off, and the door closed on my foot.' She alleges that she was injured as a result of her ankle being caught and held in the closed door.
 
 
 2
 Immediately upon her foot being caught, appellant 'banged on the door'; others nearby screamed and helped appellant in her efforts to extricate herself. Neither party was able at trial to identily the particular bus involved, and no driver with knowledge of the incident could be identified.
 
 
 3
 Neither party fixed the precise length of time appellant stood with her right foot on the ground and her left foot in the bus before the door closed upon her ankle; nor were they able to fix the exact time the door remained closed on her foot. The latter period was, however, long enough for the witnesses to observe appellant's efforts to attract the driver's attention and for some beating on the door and screaming.
 
 
 4
 Appellant relies on the doctrine of res ipsa loquitur. She argues that her injury was the result of the bus door closing uon her foot and remaining closed for a period of time. Absent negligence of appellee, she contends, the door would have remained open long enough to allow her to withdraw her foot, or if it did not do that, the door should have immediately sprung open when it met an obstacle in the path of its normal closing, provided the safety device was operating properly. In all events, she claims, the door would not have locked appellant's foot in its grip and caused injury if appellee had exercised proper care. See Winston v. Kansas City Public Service Co., Mo. 1952, 249 S.W.2d 377; Georgia Power Co. v. Weaver, 1942, 68 Ga.App. 652, 23 S.E.2d 730.
 
 
 5
 Res ipsa loquitur requires that there be no probable explanation for the occurrence except the negligence of the defendant.[1] This means in a case such as this where the event occurred in connection with appellant's act of alighting from the bus, the evidence must be found to exclude the likelihood that her actions contributed to the injury. We think the evidence in this case meets this test. Appellant was cross-examined concerning her care in alighting from the bus, and she testified as follows:
 
 
 6
 'Q. When you were getting off the bus, were you intending at that time to go directly to school? A. Yes.
 
 
 7
 'Q. And were you late for school? A. No.
 
 
 8
 'Q. Were you in any hurry? A. No.
 
 
 9
 'Q. Well, did you run at all as you went, either approaching the door or as you went down the steps? A. No.
 
 
 10
 'Q. Did you step on every step? A. Yes.
 
 
 11
 'Q. Were you playing with any of the children? A. No.' This testimony, taken together with other statements by appellant concerning how her foot got caught, is sufficient to require submission of the issue to the jury.
 
 
 12
 Taken as a whole, the evidence is sufficient so that a jury could find (1) that some negligence of appellee was the proximate cause of appellant's injury, and (2) that the appellant's conduct was not a proximate cause of the injury. Of course, the jury might with equal propriety conclude the contrary, but it was error to direct a verdict for the appellee.
 
 
 13
 Reversed and remanded.
 
 
 
 [1]
 Brown v. Capital Transit Co., 1942, 75 U.S.App.D.C. 337, 127 F.2d 329; Taylor v. Crane Rental Co., 1958, 103 U.S.App.D.C. 13, 254 F.2d 350; Pennsylvania R. Co. v. Pomeroy, 1956, 99 U.S.App.D.C. 272, 283, 239 F.2d 435, 446; see Jesionowski v. Boston & M.R.R., 1947, 329 U.S. 452, 67 S.Ct. 401, 91 L.Ed. 416; cf. Prosser, Torts 208-09 (2d ed. 1955)