Helen M. THOMPSON and Zeno W.
Thompson, Appellants,

v.

DISTRICT OF COLUMBIA, a municipal
corporation, Appellee.

No. 2932.

Municipal Court of Appeals for the
District of Columbia.

Argued April 16, 1962.

Decided June 28, 1962.

Rehearing Denied July 18, 1962.

Maurice R. Dunie, with whom Joseph D. Bulman, Sidney M. Goldstein and Arthur S. Feld, Washington, D. C., were on the brief, for appellants.

Richard W. Barton, Asst. Corp. Counsel, with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Prin. Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

The female appellant (hereafter called the appellant) and her husband sued the District of Columbia for damages resulting from appellant's fall on a public space. A jury returned a verdict for the District and this appeal followed. Numerous errors are assigned, but only one, relating to an instruction to the jury, gives us concern.

Appellant was employed by a company engaged in selling boats. Its place of business was on Maine Avenue near the waterfront. Adjacent to the curbline of Maine Avenue was a macadam-paved strip of sufficient width to permit automobiles to park at an angle on the portion of the strip

farthest from the curb and leave space between the automobiles and the curb for pedestrian use. Whether or not this strip be properly called a sidewalk, it was publicly owned space and was customarily used by pedestrians. While walking on this strip, in going from her place of business to her parked automobile, appellant fell and suffered a serious knee injury. Appellant's evidence was that her fall was caused by a depression in the walk measuring $10 \times 7\frac{1}{2}$ inches and $1\frac{3}{8}$ inches in depth.

In presenting her case appellant called as a witness Lieut. Namey of the Police Department. At the time of the accident Lieut. Namey was assigned to the Harbor Precinct, which was quite close to appellant's place of employment, and he had seen her fall and had helped assist her. During the course of his testimony he was asked by appellant's counsel concerning the number of people who used this space as a sidewalk (apparently the purpose of this was to show that the space was commonly used as a sidewalk and that the District had actual or constructive notice of such use), and the witness replied that it was heavily traveled and that on occasions, when an excursion boat was chartered, as many as a thousand people might use the space in one evening. On cross-examination the witness was asked if he had ever heard of anyone falling there prior to appellant's fall, and he replied that he had not. On redirect examination the witness admitted that reports of falls at that location would go to the Fourth Precinct and not to the Harbor Precinct.

On the basis of this testimony the trial court, at the District's request and over appellant's objection, instructed the jury:

"The jury is instructed as a matter of law that the condition of a location or a physical situation may be shown to be either dangerous or safe by the occurrence or absence of other accidents."

The instruction follows almost verbatim the language of the court in Frank R. Jelleff, Inc. v. Braden, 98 U.S.App.D.C. 180, 186, 233 F.2d 671, 677, and as an abstract statement of law is not subject to criticism, but it was inappropriate as an instruction in this case. There was no evidence here as to the occurrence of other accidents and the only testimony as to the absence of accidents was that of Lieut. Namey that he had never heard of any accidents. The effect of the instruction, therefore, was to tell the jury that this location might be shown to be safe by Lieut. Namey's testimony. The jury could have construed this to mean that if they believed Lieut. Namey's testimony, the District had *shown* that the location was safe, regardless of the other evidence in the case.

Evidence of the absence of other accidents is admissible on the question whether or not the location is dangerous, but it is not conclusive.[1] It is to be considered along with all the other evidence on the subject. As was said by Judge Keech in Hilleary v. Earle Restaurant, D.C.D.C., 109 F.Supp. 829, 836:

"In cases of personal injury, evidence of continued use of the alleged responsible agency without accident, immediately before and after the happening of the event, is generally held admissible as tending to prove the condition of the agency at the time of the accident in question. Lewis v. Washington Ry. & El. Co., 52 App.D.C. 243, 244, 245, 285 F. 977. However, evidence that no prior accident has occurred no more raises a conclusive presumption of due care, than evidence of a prior accident conclusively establishes negligence."

In the foregoing case Judge Keech charged the jury:

"* * * the fact that the evidence discloses no other accidents occurred in

1. In Hecht Co. v. Harrison, 78 U.S.App. D.C. 93, 137 F.2d 687, a verdict for the plaintiff was affirmed although "Thousands of customers walked through the aisle, before and after the accident, without injury."

said entranceway either before or after the alleged accident in this case, is not a bar to recovery by the plaintiff, but is evidence that you may consider in determining the question of negligence, along with the other evidence in this case bearing on the question of negligence." (109 F.Supp. at p. 837)

A somewhat similar instruction should have been given here. Because of the misleading instruction given, there must be a new trial.

Reversed with instructions to grant a new trial.