Dotha FORD, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 3173.

District of Columbia Court of Appeals.

Argued March 18, 1963.

Decided May 17, 1963.

---

Walter M. Nicholson, Jr., Washington, D. C., for appellant.

John R. Hess, Asst. Corp. Counsel, with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

Appellant brought this action against the District of Columbia for damages resulting from the flooding of her basement when a watermain burst in the street near her home. Her complaint contained a statement of the occurrence, an allegation that the watermain was owned and maintained by the District, and a demand for damages; and at trial she relied on the doctrine of res ipsa loquitur, proving only the eruption of the water, the flooding of her basement and the damage to her property. At the close of appellant's case the trial court, sitting without a jury, made a finding in favor of the District. The record does not disclose the ground for the court's finding, but it appears to have been, and the case was so argued here, that appellant's evidence was insufficient to bring into play the doctrine of res ipsa loquitur.

The authorities are not in accord on the question of the applicability of res ipsa loquitur in an action against a municipality for damage caused by water from a bursting watermain. In New York the doctrine is held applicable, and in Massachusetts the doctrine is held not to apply. George Foltis, Inc. v. City of New York, 287 N.Y. 108, 38 N.E.2d 455, 153 A.L.R. 1122; Goldman v. City of Boston, 274 Mass. 329, 174 N.E. 686. See also, Adam Hat Stores, Inc. v. Kansas City, Mo., 316 S.W.2d 594. Other cases, pro and con, are collected in the annotation in 11 A.L.R.2d 1179, 1187.

The exact question has never before been presented in this jurisdiction, although the principle of res ipsa loquitur has been held applicable in a great variety of situations. Our courts have held that the principle is not restricted to any particular pattern of facts and there are no absolute standards by which to determine its applicability to a given situation. Wilson v. Spencer, D. C.Mun.App., 127 A.2d 840, and cases there cited. However, application of the principle requires that the instrumentality causing the accident be unlikely to do harm unless the person in control is negligent;[1] or stated

1. Washington Loan & Trust Co. v. Hickey, 78 U.S.App.D.C. 59, 137 F.2d 677.

another way, if causes other than the defendant's negligence might have produced the accident, plaintiff must exclude those other causes by a preponderance of the evidence,[2] for otherwise it would be sheer speculation to conclude that the cause of the accident was one within defendant's control;[3] or put a third way, plaintiff's proof must at least show that it was more probable than not that the accident was the result of a defendant's negligence.[4]

In applying these rules to the instant case we note that the trial court was not furnished any evidence of the size of the watermain, the material of which it was made, the depth at which it was laid, the period of time it had been in use, whether the break occurred at a joint or in the middle of a pipe, the size or nature of the break, or any cause of the break that may have been disclosed by the District's investigation. Most of this information could have been obtained by appellant through pretrial discovery, but she did not avail herself of this procedure. And appellant offered no expert testimony as to probable causes of a watermain break. The trial court had before it only the fact that the watermain broke and water erupted and damaged appellant's property.[5]

■ Our conclusion is that the sole fact that the watermain broke does not exclude probable causes for the break other than the District's negligence and does not make it more probable than not that the break resulted from the District's negligence. In short, the break alone is not sufficient to support an inference that the break was likely due to the negligence of the District.

Affirmed.

2. Brown v. Capital Transit Co., 75 U.S. App.D.C. 337, 127 F.2d 329, cert. denied, 317 U.S. 632, 63 S.Ct. 61, 87 L.Ed. 510.

3. Taylor v. Crane Rental Co., 103 U.S.App. D.C. 13, 254 F.2d 350.

4. Benjamin v. Hot Shoppes, Inc., D.C.Mun. App., 185 A.2d 512.

5. At oral argument it was suggested that the District may have been negligent in its failure to promptly turn off the water after notified of the break. Appellant, however, testified that the property damage for which she was suing occurred within five minutes after the main burst