OF THE

## STATE OF MISSOURI

AT THE

### OCTOBER TERM, 1924.

*(Continued from Vol. 307.)*

ETHEL BRINDLEY, Appellant, v. ROLLA WELLS, Receiver UNITED RAILWAYS COMPANY OF ST. LOUIS.

Division One, April 13, 1925.

1. **PRESUMPTIVE NEGLIGENCE: Res Ipsa Loquitur.** To invoke the rule of *res, ipsa loquitur*, facts, other than the mere fact of injury, from which the negligence of defendant may be reasonably inferred, must be shown; and the rule as applied to an injury to a passenger by a common carrier includes among the facts that must be shown the happening of something out of the ordinary, in consequence of the means or methods of transportation employed, or the appliances used or allowed, and that this unusual or extraordinary happening was the cause of the injury.

2. ———: ———: Catching **Heel of Shoe in Floor of Street-Car Platform.** Substantial evidence that the heel of one shoe of a passenger, in the exercise of due care, caught in the floor of the platform as she was in the act of stepping from a street car, and that she was

(1)

thereby thrown to the pavement and injured, makes a prima-facie case of presumptive negligence. The instrumentalities being wholly under the control of the carrier, and it being its duty to use the highest degree of care to keep the platform and steps of the car in such condition that passengers can safely pass over them in leaving the car, this evidence required the carrier to rebut the presumption of its negligence that may be inferred from the fact that the heel of the shoe of the passenger, in the exercise of usual care and leaving the car at the usual exit, caught in the floor of the car and thereby she was thrown down the steps and injured.

Citations to Headnotes: Headnote 1: Carriers, 10 C. J. sec. 1426; Negligence, 29 Cyc. p. 590. Headnote 2: Carriers, 10 C. J. secs. 1377, 1378 (Anno), 1426, 1428 (Anno).

Appeal from St. Louis City Circuit Court.—*Hon. Charles B. Davis, Judge.*

REVERSED AND REMANDED.

W. H. Douglas for appellant.

(1) The jury could reasonably have drawn an inference from the facts and circumstances in evidence that the defendant was guilty of negligence in failing to maintain the platform at the door of exit in a reasonably safe condition. Davidson v. Railroad, 207 S. W. 277; Prapuolenis v. Goebel Const. Co., 279 Mo. 358; Meyers v. Coal Co., 233 U. S. 184; Leeright v. Ahrens, 60 Mo. App. 118; Duerst v. St. Louis Stamping Co., 163 Mo. 607; Boggess v. Rys. Co., 207 Mo. App. 1. (2) The doctrine of *res ipsa loquitur* applies to this case, as the evidence shows that plaintiff was a passenger and the injury was caused by the means or instrumentality under defendant's exclusive control, and in an unusual manner at a time when the plaintiff was using ordinary care in alighting from the car. Dougherty v. Railroad, 81 Mo. 325; McGrath v. Transit Co., 197 Mo. 104; Roscoe v. St. Ry. Co., 202 Mo. 587; Gleason v. Railroad Co., 140 U. S. 435; Myers v. City, 189 S. W. 816; 5 R. C. L. 74, sec. 713; Pointer v. Mt. Ry. Const. Co., 269 Mo. 104; Bergfeld v.

Ry. Co., 227 S. W. 106; Brown v. Railroad, 256 Mo. 522; Price v. Ry. Co., 220 Mo. 435; Lemon v. Chanslor, 68 Mo. 340.

*Chas. W. Bates, T. E. Francis* and *John F. Evans* for respondent.

(1) A common carrier is not an insurer of the safety of its passengers. Gilson v. Ry. Co., 76 Mo. 282; Leslie v. Ry. Co., 88 Mo. 50; Hite v. Street Ry. Co., 130 Mo. 132; Evers v. Ferry Co., 116 Mo. App. 130; Maggioli v. Transit Co., 108 Mo. App. 416. (2) Plaintiff's evidence is not sufficient to raise a presumption of negligence, and the doctrine of *res ipsa loquitur,* therefore, cannot be invoked to make a prima-facie case against defendant. 5 R. C. L. 74, sec. 713; Woas v. Transit Co., 198 Mo. 664; 10 C. J. 1025, par. 1426; Pointer v. Construction Co., 269 Mo. 104; McGrath v. Transit Co., 197 Mo. 97; Benedick v. Potts, 88 Md. 52; Farley v. Philadelphia Traction Co., 132 Pa. 58, 7 A. L. R. 1677; Perkins v. Bay State St. Ry., 223 Mass. 235, 7 A. L. R. 1677; Wilbur v. Rhode Island Co., 27 R. I. 205; Thomas v. Boston Elev. Ry. Co., 193 Mass. 438; Werbowlsky v. Ft. Wayne Ry. Co., 86 Mich. 236. (3) The doctrine of *res ipsa loquitur* never applies where the facts, as in this case, show a state of affairs from which an inference could as reasonably be drawn that the accident was due to a cause or causes other than the negligent act of defendant. McGrath v. Transit Co., 197 Mo. 97; Yarnell v. Railroad Co., 113 Mo. 570; Marlowe v. Kilgen, 252 S. W. 426; Cothron v. Packing Co., 98 Mo. App. 343.

GRAVES, J.—Action for personal injuries. Cast below upon a demurrer to her evidence the plaintiff appeals. We say demurrer, because the court peremptorily instructed the jury to find for defendant. Plaintiff was a passenger upon one of defendant's street cars in the city of St. Louis. Her ground of action is thus stated in the petition:

"Plaintiff, for her amended cause of action, says that on or about the 13th day of March, 1921, she boarded one of the defendant's south-bound Lee Avenue cars at Grand Avenue and Kossuth Street and rode on said car as a passenger to Nineteenth Street and Sullivan Avenue; that Nineteenth Street and Sullivan Avenue was a public street crossing in the city of St. Louis where the defendant stops its cars for the purpose of allowing passengers to board and alight therefrom, and that while said car was stopped at the regular stopping place for passengers to alight at Nineteenth Street and Sullivan Avenue, plaintiff started to alight from said car through the door that defendant opened for that purpose, and that while she was proceeding to alight and herself exercising ordinary care for her own safety, her left shoe heel caught in some manner unknown to plaintiff while she was on the floor of the front platform of the car and at the door of the exit where passengers usually and customarily alight, and which caused her to fall when she attempted to step down with her left foot to the step provided for use of passengers in alighting from the car; that plaintiff has no knowledge of what caused her shoe heel to get caught, and no opportunity of learning what caused it to catch, and she had no opportunity of making an examination of the front platform at the door where her heel was caught, in order to ascertain what caused her heel to catch; that the condition of the platform and cause of plaintiff's heel getting caught is peculiarly within defendant's knowledge; that as a result of the fall plaintiff sustained severe and permanent injuries."

For her injuries she asked the sum of $15,000, and hence the jurisdiction here.

The only issue is whether or not the evidence offered, when taken with all the facts of the case, made a case for submission to the jury.

The answer was a general denial. Upon the giving of the instruction, supra, the plaintiff took an involuntary nonsuit, and later filed a motion to set the same aside, but this motion was overruled, after which

judgment was entered against plaintiff and her bondsman for costs, and dismissing her cause of action. This appears from the short transcript, to which we can go where the abstract fails to set out the judgment. The facts are left to the opinion.

The sole question in this case is whether or not the facts shown bring the case within the rule of presumptive negligence, as such rule is expounded under the doctrine of *res ipsa loquitur*. The setting of this case makes it one within the so-called doctrine of *res ipsa loquitur*, if the facts, exclusive of the mere fact of injury, are such as bring it under the rule. We have the relationship of passenger and carrier, which places upon the carrier the highest degree of care for the safety of its passengers. After careful consideration of the subject in Pointer v. Mountain Railway Construction Co., 269 Mo. l. c. 120, we undertook to outline the rule as to presumptive negligence, and as both sides have cited this case, we take it that each concurs in the statement of the rule. In that case we said:

"The mere fact that the plaintiff was injured is not of itself evidence of defendant's negligence. Nor will the mere fact of injury without other facts authorize the application of the rule of presumptive negligence as such rule is recognized by the doctrine *res ipsa loquitur*. Before the rule *res ipsa loquitur* can be invoked there must be shown facts, other than the mere fact of injury to plaintiff, from which the negligence of defendant can be reasonably inferred. These other facts, in case of carrier and passenger, must show that something out of the ordinary, in the course of carriage, has happened, as to the means or methods of transportation, and that this extraordinary happening was the cause of the injury to plaintiff. If there is no evidence tending to show that something unusual and out of the ordinary has happened, as to the means of transportation (which includes the appliances used in the transportation) or in the method of transportation (which includes the acts of agents, etc.), then the rule *res ipsa loquitur* cannot be in-

voked, although the facts may disclose injury to plaintiff. [Benedick v. Potts, 88 Mo. 1. c. 55 et seq.]"

As will be seen the rule not only covers the method of transportation (which includes the acts of the agents), but includes the means of transportation, which in this case would include the car, with all of its connections, and appliances, such as the platform and steps used for the ingress and egress of passengers. The case law is quite fully discussed in Pointer's case, and we shall not reiterate here. The interested can refer to it. The facts in this case are short, and those going direct to the point in issue will be stated. The testimony of Mrs. Holsworth, who was with plaintiff, is abstracted thus:

"On the 13th day of March, 1921, I lived at 1901 Sullivan Avenue, on the corner.

"On that day I had been out with Mrs. Brindley. It was Sunday and I was on a street car with her that day. We were on a Lee Avenue car going south, and got on a Grand and Kossuth. We paid our fare and got off at Nineteenth and Sullivan. I pushed the button to stop the car. That place is a regular stopping place for street cars to stop to receive and discharge passengers.

"After I pressed the button, the car came to a full stop right on the corner of Nineteenth and Sullivan, at the regular stopping place. Mrs. Brindley and I got up to leave the car, and across the aisle from us was a lady with two children, and one of the children preceded us and her little boy, who started to go with his little sister, and the mother said he should stay back with her. The little girl got out of the car. Mrs. Brindley was ahead of me. She started to get out of the car. She stood there a minute and when she started to get out she fell out on her face, fell down full length."

The plaintiff testified as follows:

"I was on a street car on March 13, 1921. It was Sunday, the 13th of March. I had been in South St. Louis and got on this car at Grand and Kossuth, intending to get off at Nineteenth and Sullivan to go home. I live about half a block from Nineteenth and Sullivan.

It is just from Sullivan to the alley. I paid my car fare. when I got on the car. Mrs. Holsworth was with me.

"As the car approached Sullivan it came to a standstill. Mrs. Holsworth rang the bell for the car to stop, and it stopped at Nineteenth and Sullivan, the regular stopping place for street cars. When we rang the bell we got up to get out at the front door. When we got to the front door it was open. It had a door that works on a lever. After the car stopped I attempted to get off. There was a little girl ahead of me and she got off the car and I was next to her. I attempted to step down with my right foot. I stepped down on the step, and when I went to pick up my left foot my heel had caught. My left foot at that time was still upon the step—you know, platform. When I went to step down with my right foot and wanted to take my left foot up, I could not get it loose, and when it did get loose, why, of course, I fell in the street. I fell on my left side. When I regained consciousness Mrs. Holsworth was holding me. They took me home; some boy went and told my son, and they came and got me and took me down to the store at 3119 North Nineteenth. Mr. Bierman and Mrs. Holsworth also went with me to the store. They carried me over to the store from the car step—Mr. Bierman and Ralph, my son, did. I sat down in a chair, and Mrs. Betts removed my clothes and bathed my limb."

She further testified:

"After this accident I saw my shoes that I was wearing, and the heel was off of the left shoe. It was on there when I started to get off. I had nothing to do with the street car, that is, running and managing it. I was just a passenger."

Dorothy Holsworth, daughter of the Mrs. Holsworth, and a high school pupil, aged fourteen years, said that she picked up a shoe heel at the point of accident, and took it over to the store where Mrs. Brindley was being cared for by her mother and Mrs. Bettis. These ladies were just then preparing to bathe the foot and had taken off her shoes, and witness observed that the heel was off of one of the shoes.

Elmer Taylor testified:

"My name is Elmer Taylor. I live at 1517 Hebert. I have known Mrs. Brindley about seven years.

"On Sunday evening, about March 13, 1921, I saw her when she was getting off of a car and I was standing right on the southwest corner. I was coming home from the show. I just noticed while she was stepping down off the car, her foot hung on something but we never found out what it was hung on, and when she lifted it up her heel broke and she fell right on out. I ran over and called her son and another friend of her son, and they came and helped carry her in the store."

This is the evidence adduced by plaintiff. As said, after its introduction, the trial court directed a verdict for defendant, and the involuntary non-suit was taken. The court erred in this action. The plaintiff's facts made a prima-facie case under the rule of presumptive negligence, which rule is applicable to this case. It was the duty of the defendant to use the highest degree of care to have its platform and steps in such condition that its passengers could safely pass over them in alighting from its car. Under the facts there was some condition upon that platform (at the time negligently maintained) which caught the heel of the shoe on plaintiff's left foot, thereby causing the fall. The facts made a case of presumptive negligence, and the defendant was called upon by evidence to rebut such presumption. The instrumentalities were wholly under the control of defendant. The facts are such as to authorize a jury to infer a negligent maintenance of the car platform. Because of the error committed in giving the peremptory instruction aforesaid, which forced the involuntary non-suit, and the further error in refusing to set aside the non-suit so forced, the judgment is reversed and the cause remanded. All concur, except *Atwood, J.,* not sitting.