ISABELLA MUELLER, Appellant, v. ST. LOUIS PUBLIC SERVICE COMPANY, a Corporation, Respondent.—No. 40448.—214 S. W. (2d) 1.

Division Two, September 13, 1948.

Motion to Modify Opinion Sustained, October 11, 1948.

Motion for Rehearing or to Transfer to Banc Overruled, October 11, 1948.

248

*Mark D. Eagleton, Mortimer A. Rosecan,* and *Roberts P. Elam* for appellant.

*Mattingly, Boas & Richards* and *Lloyd E. Boas* for respondent.

[2] LEEDY, J.—Isabella Mueller instituted this action against St. Louis Public Service Company for $30,000.00 damages on account of injuries alleged to have been suffered by her in attempting to alight from defendant's motor bus on which she was a passenger. The jury returned a verdict in her favor for $15,000.00, which the trial court set aside and sustained defendant's motion for a new trial. Plaintiff appeals from that order.

The petition charged general negligence, and the submission was under the res ipsa loquitur doctrine. The trial court sustained those grounds of the motion for a new trial which, in substance, complained: (1) That the evidence failed to show an unusual occurrence which would give rise to an inference of negligence, and so justify the application of the res ipsa doctrine; and (2) that plaintiff's evidence established specific negligence by showing the particular servant and the act that caused plaintiff's injuries, thus making such doctrine inapplicable. Such are the limited issues presented by this appeal. We treat them in the inverse order of their statement.

The facts are brief insofar as the crucial questions in the case are concerned. There was no denial of the fact that plaintiff was injured as she was in the act of alighting from the bus at a regular down town stop. The bus had been stopped, and the exit door opened for the discharge of passengers. Plaintiff testified that as she placed her left foot on the sidewalk and started to draw her right foot out of the exit door, the door closed and caught her leg and foot; that the bus immediately thereafter started up, and she swung around and grabbed hold of a window. She was carried (on the outside of the bus) in this position for a considerable distance before the bus was brought to a stop, and she was released. Contending that plaintiff's testimony shows the precise cause of the casualty, defendant points to the several places in her testimony describing the accident wherein she stated that the bus driver closed the door and started the bus up. It is true she did so testify. However, it further appears from her testimony that she did not see, and was in no position to see, the bus driver or the controls just prior to and at the time the door closed, nor to know what, if anything, he did in connection with closing the door and starting up. There were other passengers on this crowded bus who were standing in the aisle between plaintiff and the driver. She, of course, was facing the street as she was getting off. She testified she was not watching what the bus driver did. It is apparent that her statement that the bus driver closed the door and started the bus constituted nothing more than her conclusion, and, when taken in connection with her other testimony just referred to, the matter is brought within the rule that "even though the plaintiff introduce evidence tending to show specifically the cause of the accident, the benefit of the rule res ipsa loquitur will not be waived or lost if by this evidence the cause is still left in doubt or is not clearly shown; but, where the precise cause is shown, there is no occasion or room for the application of a presumption." Conduitt v. Trenton Gas & Electric Co., 326 Mo. 133, 143, 31 S. W. 2d 21, 25; Stubblefield v. Federal Reserve Bank, 356 Mo. 1018, 204 S. W. 2d 718. See, also, 38 Am. Jur., Negligence, Sec. 299. We hold there was no such showing of the precise cause as to deprive plaintiff of the benefit of the res ipsa loquitur doctrine.

█ It was the contention of defendant, with which the trial court on consideration of [3] the motion for new trial agreed, that there was no such unusual occurrence as to bring the case within the res ipsa loquitur rule, and this because the evidence showed that the operations of the door and the bus were smooth and usual, excepting that their operation was untimely and at a time when likely to cause injury to plaintiff. Plaintiff did testify on cross-examination that there was nothing unusual about the manner in which the door closed, except it was *faster,* was on her foot, and the bus moved off before she and the other passengers desiring so to do had an opportunity to alight. The trial court's conclusion, under these facts, was that "the closing of the door exhibited none of the attributes essential to give rise to the application of the res ipsa principle. There was no jerking of the car in its movement, causing plaintiff to fall, nor any abnormal or strange action of the door in its movement." This view would seem to ignore plaintiff's testimony that the door closed faster than usual (which was another way of saying the operation was sudden), and it also ignores the fact that such closing was not only unexpected, but at a time when it would be reasonably anticipated that there would be no closing of the door. If it be regarded as essential to the application of the res ipsa loquitur doctrine that the movement of the door in closing be something other than normal and usual, the elements just mentioned are sufficient to satisfy that requirement.

Concerning the applicability of the res ipsa loquitur rule, this court has said:

"In general and on principle the doctrine res ipsa loquitur does not apply except when (a) the occurrence resulting in injury was such as does not ordinarily happen if those in charge use due care; (b) the instrumentalities involved were under the management and control of the defendant; (c) and the defendant possesses superior knowledge or means of information as to the cause of the occurrence." McCloskey v. Koplar, 329 Mo. 527, 533, 46 S. W. 2d 557, 559.

"The principal difference between a res ipsa loquitur case and a specific negligence case would seem to be that the very basis of liability, *the existence of some negligence,* may be shown by a particular kind of circumstantial evidence, namely, an *unusual* occurrence of a character which ordinarily results only from negligence (both in pleading and proof), and from which, therefore, negligence is a reasonable inference; while in a specific negligence case the careless acts or omissions which constitute negligence must be stated and proven. In other words, in a res ipsa case the ultimate fact, *some kind of negligence* is inferred without any evidential facts except the unusual occurrence itself; while in a specific negligence case there must be evidential facts sufficient to show some negligent acts or omissions which were the proximate cause of the occurrence." Harke v. Haase, 335 Mo. 1104, 1110, 75 S. W. 2d 1001, 1004; Gibbs v.

General Motors Corporation et al., 350 Mo. 431, 166 S. W. 2d 575, 579.

"The res ipsa loquitur doctrine generally applies in actions by a passenger against a carrier for damages for personal injuries. The rule is to the effect that, where the thing or instrumentality which causes the injury complained of is shown to be under the exclusive management and control of the defendant and his servants, and the character of the accident is such as to warrant an inference or strong probability of negligence on the part of the defendant, that is, such as in the ordinary and normal condition of things would not happen if those who have the management and control of such instrumentality use proper care, then the accident itself, and its attendant circumstances, afford reasonable evidence from which the jury, in the absence of reasonable explanation by defendant exculpating himself, may infer and find that the accident arose from want of due care." Powell v. St. Joseph Ry., L., H. & P. Co., 336 Mo. 1016, 1020, 81 S. W. 2d 957, 960.

What is the thing that happened amiss? The movement or operation of the bus door so as to close upon and catch plaintiff's leg and foot as she was alighting from the bus and the starting of the bus in motion with her leg and foot so caught. Certainly in the case of an alighting passenger no injurious operation of the door, or starting up of the bus is ordinarily to be [4] expected, in the absence of some defect in the apparatus, or negligent user or act. In other words, the occurrence here was such as does not happen in the ordinary course of things if those having the management of the instrumentality use proper care. There is no dispute that the apparatus causing the injury was in the exclusive control of defendant, and certainly it possessed superior knowledge or means of information as to the cause of the accident. Accordingly, we think the proof of the surrounding circumstances was such as to permit the inference to be drawn that plaintiff's injuries were caused by defendant's negligence, and thus the case was within the res ipsa loquitur rule.

■ It follows that the order granting the new trial should be reversed, and the cause remanded with directions to reinstate the verdict, and enter judgment thereon, as of the date of the original rendition of such verdict, to-wit: January 15, 1947. It is so ordered. All concur.