**Chaney CANNAMORE, Plaintiff-Appellant,**

**v.**

**BI–STATE DEVELOPMENT AGENCY, a corporation, Defendant-Respondent.**

**No. 33794.**

St. Louis Court of Appeals, Missouri.

May 25, 1971.

Motion to Transfer Sustained June 28, 1971.

Opinion on Motion to Transfer June 30, 1971.

Hoffman & Carter, Frank N. Carter, Jr., St. Louis, for appellant.

Paul B. Hunker, Jr., St. Louis, for respondent.

WEIER, Commissioner.

Plaintiff, a fare-paying passenger, fell while she was leaving defendant's bus at the intersection of Taylor and Easton Avenues in the City of St. Louis. As compensation for personal injuries plaintiff sought and obtained a verdict against the defendant in the sum of $9,000.00, on which the court entered judgment. Defendant's motion for directed verdict at the close of all the evidence had been overruled by the trial judge at the conclusion of the testimony; but, upon after-trial motion, the court set aside the verdict and judgment previously entered and sustained defendant's motion for directed verdict. In accordance with the after-trial motion, the

order also ruled in the alternative that if upon appeal the trial court was found to have improvidently erred in setting aside the verdict and judgment, and sustaining the motion for directed verdict, then the alternative prayer for a new trial was sustained. We reverse the first part of the order sustaining the motion for directed verdict and affirm that portion granting a new trial.

No issue has been raised as to the amount of the verdict nor as to the evidence of injury which supported it. We therefore review the evidence concerning liability to see whether that portion most favorable to plaintiff sustained the verdict. Parlow v. Carson-Union-May-Stern Company, Mo., 310 S.W.2d 877, 881[4].

Plaintiff at the time she was injured was en route from her place of employment to her home. She was riding defendant's bus in the company of a fellow employee. When they arrived at the intersection of Taylor and Easton, both walked to the front of the bus to deboard. Miss Oazzie Savory, her companion, was in front of plaintiff and was the first to alight. Plaintiff started to follow her down the steps. Plaintiff described the steps as three in number, with the top step on the same level as the floor of the bus. She was wearing white oxfords with a one-inch heel. From the first step she extended her right foot to descend to the second step. As stated by plaintiff, "My left feet never get to the middle step." She fell forward. Her left knee struck the sidewalk and she felt pain in her neck, head, stomach, knee and back. As to what occurred to cause her fall, she said simply, "Well, just as I proceeded down with my right feet I went to step with my left feet and it was caught and I just was thrown plumb face off the bus." She was not certain whether her left shoe came off when she fell, but she remembered the bus driver handed her the shoe. The heel had been pulled from the sole about a half inch. It was not all the way off but enough to see the nails in it. In describing the sensation when she went to lift her left foot to step down, she testified that "something seemed to have hold of my heel, wouldn't let go." It was not a tripping sensation.

Plaintiff maintains that the court erred when it set aside the verdict and judgment and entered judgment in accordance with defendant's motion for directed verdict because there was substantial evidence under the res ipsa loquitur rule to support plaintiff's claim that the defendant was negligent and this negligence caused her to fall. In support of her contention, plaintiff asserts that the facts supported by the evidence favorable to plaintiff's case meet all the requirements for a res ipsa submission set forth in McCloskey v. Koplar, 329 Mo. 527, 46 S.W.2d 557, 559, that is, (a) the occurrence resulting in injury was such as does not ordinarily happen if those in charge use due care; (b) the instrumentality involved was under the management and control of the defendant; (c) and the defendant possessed superior knowledge or means of information as to the cause of the occurrence. Defendant just as vigorously contends the plaintiff failed to make a submissible case under the res ipsa loquitur doctrine. And it further contends there was no evidence to support plaintiff's allegation that defendant was negligent.

We are not compelled to determine whether the facts presented here by plaintiff come within the rules of res ipsa loquitur because the Supreme Court of Missouri has already made such a finding in the case of Brindley v. Wells, 308 Mo. 1, 271 S.W. 48. There Mrs. Brindley, a passenger on a street car, testified: "There was a little girl ahead of me and she got off the car, and I was next to her. I attempted to step down with my right foot. I stepped down on the step, and when I went to pick up my left foot my heel had caught." (l. c. 49) She fell in the street. An eye witness also testified: "I just noticed while she was stepping down off of the car, her foot hung on something, but we never found out what it was hung on, and when she lifted it up her heel broke, and

she fell right on out." (1. c. 49) In reversing the lower court for its order directing a verdict, the Supreme Court in its opinion stated: "The plaintiff's facts made a prima facie case under the rule of presumptive negligence, which rule is applicable to this case. It was the duty of the defendant to use the highest degree of care to have its platform and steps in such condition that its passengers could safely pass over them in alighting from its car. Under the facts there was some condition upon that platform (at the time negligently maintained) which caught the heel of the shoe on plaintiff's left foot, thereby causing the fall. The facts made a case of presumptive negligence, and the defendant was called upon by evidence to rebut such presumption. The instrumentalities were wholly under the control of defendant. The facts are such as to authorize a jury to infer a negligent maintenance of the car platform."

Defendant attempts to distinguish the Brindley case upon the testimony of plaintiff Cannamore wherein she admitted looking at the steps and seeing no obstruction or anything unusual on the steps. Her testimony indicated she was holding on the handrail and looking off the bus and at the steps, but she never looked "real close." There is no testimony mentioned in *Brindley* to indicate plaintiff there did not look at the steps or platform. Witness Taylor testified "we never found out what it was hung on", but that testimony reveals nothing as to what plaintiff saw or failed to see. As a matter of fact, in the history of cases wherein the res ipsa loquitur doctrine has been applied, many a victim has looked at an instrumentality and has seen nothing which would forewarn or give any indication that it would later cause injury. The doctrine is applied, notwithstanding the occurrence happens for no apparent reason or known cause. Anderson v. Orscheln Bros. Truck Lines, Inc., Mo., 393 S.W.2d 452, 458. Thus, in Effinger v. Bank of St. Louis, 467 S.W.2d 291 (decided by this court April 27, 1971), the plaintiff had noticed nothing wrong with the blind, its bracket or clasp bar. But when he raised the blind it fell, and injured him. From this occurrence the jury could and did infer negligence.

The important happening revealed by plaintiff's evidence in this case was the unexpected and unexplained catching of plaintiff's heel. How it was caught or whether it was caught at all would be a matter for defendant, if it desires, to explain and to show that the happening was not due to defendant's negligence and that it had no causal connection with plaintiff's injury. McCloskey v. Koplar, 329 Mo. 527, 46 S.W.2d 557, 563[4–6], supra.

The defendant did offer evidence which, if believed by the jury, might have caused the jury not to believe that plaintiff's heel was caught. The operator of the bus testified at trial that plaintiff was wearing strap sandals without a heel, although, in a deposition, he had testified she wore sandal shoes with a flat heel on them. A supervisor of defendant company arrived at the scene before plaintiff was taken away and took pictures of the steps and plaintiff. Inspection of the picture of the steps reveals nothing unusual. On the other hand, the top step and floor of the bus where plaintiff's heel was caught is shaded and dark in the photograph and it is difficult to discern the exact nature of the surface. The photograph alleged to be that of plaintiff discloses only the legs of an individual, with the right foot in a heelless strap sandal and the left foot bare. A police officer, with his back to the camera, cuts off any view of the person identified as plaintiff. The officer testified the picture was taken of him in the act of helping plaintiff onto a stretcher. He identified the photograph by reason of large grips on his pistol and a slapper which he carried in his rear pocket. This, together with other evidence, could very well have caused the jury not to believe plaintiff and to bring about a verdict for defendant. The jury, however, was not persuaded by it and we are not in a position to weigh the

evidence. Kells v. Pevely Dairy Company, Mo.App., 393 S.W.2d 61, 65[4]. This is the function of the jury and the trial court. Furthermore, the inference of negligence which arises when a prima facie case is made under the res ipsa loquitur doctrine does not disappear upon introduction of rebuttal evidence. Robinson v. Southwestern Bell Telephone Company, Mo.App., 434 S.W.2d 249, 255[9].

We pass now to error alleged to be found in Instruction No. 4. This was plaintiff's verdict directing instruction and reads:

"Your verdict must be for plaintiff if you believe:

First, defendant was the operator of the bus, and

Second, plaintiff caught her heel on the steps thereof, and

Third, such occurrence was the direct result of defendant's negligence, and

Fourth, as a direct result of such negligence the plaintiff sustained damage."

Plaintiff's testimony and the theory of her case was that the heel of her left shoe was caught by the step or floor of the bus when she started to descend the steps. This is the essential state of facts which constitutes plaintiff's res ipsa loquitur submission under the authority of Brindley v. Wells, supra. It is not that plaintiff caught her heel on the steps as hypothesized in this instruction, but that there was some condition upon plaintiff's steps that caught the heel of the shoe on her left foot, causing her to fall. If the step caught her heel, the jury could find for plaintiff. But if plaintiff caught her heel, this could be due to her own inattentiveness, and a res ipsa submission would be improper.

Although not indicated on the copy of the instruction in the transcript,[1] Instruc-

tion No. 4 was obviously a modification of MAI (2d Ed.) 31.02(2). The paragraph of the instruction given which contained the hypothetical submission of plaintiff catching her heel on the steps was not supported by the evidence. The adoption of Missouri Approved Instructions has not changed the requirement that issues submitted in instructions to the jury must be supported by evidence from which the jury can reasonably determine the issues. Brassfield v. Sears, Mo., 421 S.W.2d 321, 323[1]. Further, by changing the phrasing of the instruction contrary to the theory established by her evidence, plaintiff has also destroyed the factual hypothesis upon which her res ipsa loquitur submission must be based to submit the case to the jury upon the authority of Brindley v. Wells, supra. Her selection and modification of MAI (2d Ed.) 31.02(2), which is limited to res ipsa submissions, was therefore improper, and the use of the entire instruction as written was reversibly erroneous.

We accordingly modify the order of the trial court by reversing that portion which sustains the motion for directed verdict and we affirm that part of the order granting plaintiff a new trial because of error in Instruction No. 4, for the reasons set out in this opinion. Since there has been no issue raised on damages, the new trial shall be limited to the issue of liability only. Costs of this appeal shall be divided equally between plaintiff and defendant.

PER CURIAM.

The foregoing opinion by WEIER, C., is adopted as the opinion of this Court. Accordingly, the order of the trial court is modified by reversing that portion which sustains the motion for directed verdict and affirming that part of the order granting plaintiff a new trial because of error in Instruction No. 4. The new trial shall be limited to the issue of liability only.

1. As to error in this omission, see Buffington v. Fairground Sales Company, Mo.App., 402 S.W. 2d 59, 62.

Costs of this appeal shall be divided equally between plaintiff and defendant.

BRADY, P. J., and DOWD, J., concur.

WOLFE, J., not participating.

On Motion for Rehearing or Transfer

PER CURIAM.

Defendant-respondent seeks by its motion, timely filed after opinion, a rehearing in this court, or, in the alternative, a transfer of the case to the Supreme Court of Missouri. In our consideration of defendant's contention on appeal that plaintiff failed to make a submissible case, we deem ourselves bound by the decision of the Supreme Court of Missouri in the case of Brindley v. Wells, 308 Mo. 1, 271 S.W. 48. The facts in that case so closely resemble those submitted to the jury in this case that any effort to distinguish or differentiate appears futile. Yet, at the same time, the application of the res ipsa loquitur doctrine to the facts in the case at bar and in *Brindley* seems in conflict with expositions of that doctrine in the later cases of McCloskey v. Koplar, 329 Mo. 527, 46 S.W.2d 557; Harke v. Haase, 335 Mo. 1104, 75 S.W.2d 1001; Charlton v. Lovelace, 351 Mo. 364, 173 S.W.2d 13; Semler v. Kansas City Public Service Co., 355 Mo. 388, 196 S.W.2d 197; Venditti v. St. Louis Public Service Co., 360 Mo. 42, 226 S.W.2d 599; Frazier v. Ford Motor Co., 365 Mo. 62, 276 S.W.2d 95; and Shafer v. Southwestern Bell Telephone Co., Mo., 295 S.W.2d 109.

One element of prime importance as described in these cases and necessary to invoke the doctrine is that the occurrence resulting in injury was such as does not ordinarily happen if those in charge use due care. Here, plaintiff stepped down from the level of one step to another step, which appeared from the evidence to be usual and ordinary steps, completely stationary when the bus was not in motion. No mechanical device manipulated them prior to the descent and fall of the passenger. It is true they were a part of an instrumentality (in this case, the bus) which was under the management and control of the defendant, but in no wise did they differ in design or in form from a normal set of steps. And yet, since plaintiff testified in effect, "My heel was caught", rather than, "I caught my heel", the res ipsa doctrine was implemented and plaintiff then was required only to prove her damages. In such a situation it is difficult to accept not only that the occurrence was extraordinary, but also that the defendant bus company had superior knowledge or means of information as to the cause of plaintiff's fall.

Neither do the facts seem to be such as to exclude every possible hypothesis except that of defendant's negligence. Grindstaff v. J. Goldberg & Sons Structural Steel Co., 328 Mo. 72, 40 S.W.2d 702, 705[7]. Furthermore, the evidence in a res ipsa submission should be such as to reasonably exclude the negligence of the claimant as a contributing cause of the injury. Charlton v. Lovelace, supra, 351 Mo. 364, 173 S.W.2d 13, 18[5].

For the reasons given, we deem this a case that should be transferred for the purpose of re-examining the existing law as set forth and applied in Brindley v. Wells, supra. In accordance with Article 5, § 10, Constitution of Missouri, V.A. M.S., we transfer this case after opinion to the Supreme Court of Missouri for that purpose.

All concur.