**Chaney CANNAMORE, Plaintiff-Appellant,**

v.

**BI–STATE DEVELOPMENT AGENCY, a Corporation, Defendant-Respondent.**

No. 57100.

Supreme Court of Missouri, En Banc.

July 17, 1972.

Motion to Modify Opinion Denied Sept. 11, 1972.

Hoffman & Carter, Frank M. Carter, Jr., St. Louis, for appellant.

Paul B. Hunker, Jr., St. Louis, for respondent.

SEILER, Judge.

This is a res ipsa loquitur action to recover damages for personal injuries suffered by the plaintiff, a fare-paying passenger, while alighting from a bus owned and operated by the defendant. Plaintiff received a $9,000 verdict. The trial court set aside the verdict and judgment and sustained the defendant's motion for a directed verdict. The St. Louis Court of Appeals reversed on the basis that plaintiff made a submissible res ipsa loquitur case, Cannamore v. Bi-State Development Agency, 469 S.W.2d 664, relying on Brindley v. Wells, 308 Mo. 1, 271 S.W. 48, and then transferred the case here for purpose of reexamining the existing law, Art. V, Sec. 10, 1945 Constitution of Missouri, V.A.M.S.

Did plaintiff make a submissible res ipsa loquitur case? In order to decide this question, we have reviewed the evidence concerning liability to ascertain whether the portions most favorable to plaintiff support the application of the res ipsa loquitur doctrine. We conclude plaintiff failed to make a submissible case.

The plaintiff regularly rode a bus operated by defendant between her place of employment and her home. In order to alight from the bus, she had to descend three steps, with the top step being level with the bus floor. Oazzie Savory, plaintiff's companion, alighted from the bus without difficulty. The plaintiff followed Miss Savory. From the top step, the plaintiff extended her right foot to descend to the middle or second step. At this point, we turn to the verbatim testimony of plaintiff: "Well, just as I proceeded down with my right feet I went to step with my left feet and it was caught and I was just thrown plumb face off the bus.

".  .  .

"Q. Did anyone tell you what you tripped over? A. No.

"Q. Or what your foot was caught on? A. No.

".  .  .

"A. Well, something seemed to have hold of my heel, wouldn't let go.

"Q. Was it a tripping sensation?

"A. No, this had hold—yes.

"Q. Something had a hold of your heel?

"A. The heel, uh-huh.

".  .  .

"Q. So both of your feet then were on the middle step?

"A. My left feet never get to the middle step.

"Q. Your left foot—then you tripped somewhere between—

"A. Something caught my left feet.

"Q. From the top step to the second step?

"A. From the top step.

"Q. . . . when you were getting off the bus you were looking at the steps, as you walked off the bus, were you not? A. Yes.

"Q. Did you see anything on the steps, any obstruction at that time?

"A. No.

". . .

"Q. I believe you testified that as you tripped you reached out for a bar with your right hand but you missed it? A. Yes.

". . ."

At the time of her fall, plaintiff wore shoes with a one-inch heel. She was uncertain if her left shoe came off during the fall, but recalled the bus driver handed her the shoe following the fall and the heel had pulled from the sole about a half inch.

Plaintiff asserts the evidence meets the cardinal principles for a res ipsa submission as set forth in McCloskey v. Koplar, 329 Mo. 527, 46 S.W.2d 557, 559 including the one that ". . . (a) the occurrence resulting in injury was such as does not ordinarily happen if those in charge use due care . . ." To resolve this issue, we must examine the nature and character of this occurrence because it is these factors, rather than the mere injury, which determine the applicability of the res ipsa loquitur doctrine to a particular case. Shafer v. Southwestern Bell Telephone Co. (Mo. Sup.) 295 S.W.2d 109, 114; Harke v. Haase, 335 Mo. 1104, 75 S.W.2d 1001, 1003.

The character of the occurrence must be such ". . . based on common knowledge and experience, that such an injury probably would not have occurred but for negligence in some form . . ." Epps v. Ragsdale, (Mo.App.) 429 S.W.2d 798, 800. A prominent commentator in the field of tort law states that ". . . the event must be such that in the light of ordinary experience it gives rise to an inference that someone must have been negligent . . ." Prosser, Law of Torts, 3rd Ed., p. 218; 65A C.J.S. Negligence § 220.2, pp. 519–520. ". . . This is a question of law since it is a judicial function to determine whether a certain set of circumstances does, as a matter of law, permit a certain inference . . ." Epps v. Ragsdale, supra, 429 S.W.2d 1.c 800; Parlow v. Dan Hamm Drayage Co. (Mo. Sup.) 391 S.W.2d 315, 323.

After a close examination of the record, we conclude that the nature and character of this particular occurrence does not permit an inference of negligence to be drawn. As a matter of common knowledge and experience, it is inherent in the act of descending steps, whether bus, basement, residential, or commercial, that there will be occasional falls not attributable to the negligence of anyone. "Where a passenger falls down and is injured, while boarding or alighting from a carrier which is stationary, it cannot be said that negligence is a more probable explanation than any other. Common experience shows that people are likely to fall while boarding or alighting from streetcars, busses and other types of transportation without negligence on the part of anyone . . . Such accidents *do* ordinarily occur without the fault of others. . . . Such accidents happen every day. The probability of negligence is absent." Gray v. City and County of San Francisco, 202 Cal.App.2d 319, 20 Cal.Rptr. 894, 898–899.

In Missouri, courts have approved the application of the res ipsa loquitur doctrine to establish negligence in a situation wherein a passenger was boarding or

alighting from a bus. For instance, see White v. St. Louis Public Service Co., 364 Mo. 111, 259 S.W.2d 795 (fall caused by forward jerk of bus); Mueller v. St. Louis Public Service Co., 358 Mo. 247, 214 S.W. 2d 1 (leg caught in bus door); McSkimming v. St. Louis Public Service Co., (Mo. App.) 257 S.W.2d 176 (fall after bus door closed and reopened). In these cases, the movement or other operation of the bus is involved and negligence on the part of the defendant is a more likely explanation for the occurrence than any other. There is a probability of negligence on the part of the defendant inherent in the nature and circumstances of the occurrence. This is not so in the situation before us, where we do not believe reasonable persons, on the basis of experience, could draw a conclusion of negligence as a probable explanation.

We are aware the testimony of the plaintiff relating to the feeling that her heel was caught more fully describes the nature and circumstance of the occurrence than the simple statement, "I fell." Even so, there is no more appearing here than that plaintiff's heel caught, or was caught, on the step as she started to step down, with the resulting fall and injury. From this it cannot be said that it is more likely than not that the fall resulted from negligence of the defendant. Therefore, plaintiff did not make a submissible case under the res ipsa loquitur doctrine.

Our decision is in accord with cases involving similar factual situations from other jurisdictions. See Brown v. Capital Transit Co., 75 U.S.App.D.C. 337, 127 F. 2d 329, cert. den. 317 U.S. 632, 63 S.Ct. 61, 87 L.Ed. 510 (woman passenger alighting from streetcar; stepped down with right foot and "my left foot I couldn't get off at all". The heel was pulled off her shoe); Lewis v. Washington Ry. Electric Co., 52 App.D.C. 243, 285 F. 977 (passenger fell alighting from streetcar; "I remember a distinct feeling of being caught and held back"); Capps v. American Airlines, 81 Ariz. 232, 303 P.2d 717 (passenger fell forward when boarding airplane. Stepped into the plane with right foot at top of the steps and "seemed like it [his left foot] was wedged in something" and it threw him, "It seemed like it was in a vise, it was wedged"); Gray v. City and County of San Francisco, supra, (passenger fell when alighting from streetcar).

In Brindley v. Wells, supra, we reached a contrary result in a virtually indistinguishable factual situation. The Brindley case is hereby overruled and should no longer be followed.

Judgment affirmed.

FINCH, C. J., and DONNELLY, HOLMAN and HENLEY, JJ., concur.

BARDGETT, J., dissents in separate dissenting opinion filed.

MORGAN, J., dissents and concurs in separate dissenting opinion of BARDGETT, J.

BARDGETT, Judge (dissenting).

I believe that Brindley v. Wells, 308 Mo. 1, 271 S.W. 48, was a proper application of the res ipsa loquitur doctrine to carrier-passenger cases and ought not to be overruled. Under Brindley v. Wells, plaintiff made a submissible case. For this reason I dissent.